# Rountree *et als. v.* The State.

### *Indictment for Larceny by Finding.*

1. *Indictment; when imperfect.*—A count, in an indictment for larceny, which charges that the defendant "feloniously took and carried a bale of lint cotton," omitting the word "away," is bad.

2. *Ownership; when property laid in railroad company.*—If cotton is delivered to a railroad company for transportation, such company is thereby vested with special property in it, and, in an indictment for its larceny, it would be sufficient to lay the property in such company.

3. *Circumstances constituting larceny distinguished from trespass; felonious intent.*—It is not every wrongful taking and carrying away, or conversion, that constitutes larceny. Unless the circumstances which surround or attend the act, convince the jury that the intent was felonious, then the act is but a civil wrong. Secrecy in acquiring the goods, attempts at concealment, false denial of possession, are among the evidences which distinguish larceny from trespass.

4. *Charge of court; what erroneous.*—A charge to the jury that if they believe that "a bale of cotton was dropped from the cars of the M. & E. R. R., and that defendants took and carried away said bale of cotton with intent to convert it to their own use, and not with the intent of returning it to the true owner, they are guilty of larceny," is erroneous, because it ignores the question of felonious intent, without which there can be no larceny.

5. *Circumstances tending to show the owner of goods found.*—Where a bale of cotton had been compressed for shipment, and was found on a railroad track, where there was no crossing, this, unexplained, would tend to show that it must have fallen from the train, and that the finder could easily ascertain who had the special property in it.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

The indictment in this case contained two counts, the trial being upon the second count, which was as follows: "The grand jury of said county do further charge that, before the finding of this indictment, Jim Rountree, Monday Rountree, Neil Asbury, John Isaiah, and Aaron Lampley, feloniously took and carried ——— one bale of lint cotton, of the value of fifty dollars, the personal property of a person, whose name is to the grand jury unknown," &c., omitting, as appears from the record, the word "away."

[Rountree et als. v. The State.]

The evidence tended to show, among other things, that the Montgomery & Eufaula Railroad Company shipped over its road, cotton which had been compressed, and that about the eighteenth of December, 1877, a bale of such cotton fell from the cars in a "cut" about a mile and a half from a public dirt-road crossing, and that said bale was removed to an old shanty about fifty yards distant, and was, subsequently, taken in a cart some distance, where it was found by an employe of said company, in the gin-house of one of defendants. Many stories were told about the cotton, where and how it was obtained, &c., and as to its ownership. The evidence connects all of the defendants with the taking, and appropriation of the cotton. The court, among other instructions, gave to the jury the charge copied in the opinion; and refused two charges asked by defendants upon the question of *abandonment* of the property found. The defendants duly excepted to the adverse rulings of the court, and now appeal from the judgment.

NORMAN & WILSON, for appellants.—1. To constitute larceny by finding, two things must concur : 1st. The finder must, at the time of the finding, feloniously intend to appropriate the property found to his own use; 2d. He must, at the time, either know the owner, or have the means of knowing him, or a reasonable belief that he may be found; and these essential ingredients must be proved by the State beyond a reasonable doubt.

2. The State must show to the satisfaction of the jury, that there were some marks or brands on the property lost, or other indications by which the finder could have ascertained the true owner, which they have failed to do in this case.

3. The charge given, at the instance of the counsel for the State, excluded from the jury the consideration of the question as to whether the defendants knew, or had the means of knowing, the owner of said cotton; and instructed them to convict, if the evidence showed that a bale of cotton had been dropped from the cars of said railroad company, and that defendants took the bale of cotton with no intention of returning it. In this the court erred.—*Regina v. Mole,* 1 Carr. & K. 417 ; *State v. Conway,* 18 Mo. 321 ; *Lane v. People,* 5 Gil. 305 ; *People v. Cogdell,* 1 Hill (N. Y.) 94 ; 14 Grat. 635–7 ; *Griggs v. State,* present volume.

4. A person may abandon his property—the goods lost—and it will then vest in him who first takes possession with the intent to appropriate it to his own use. This is not larceny.

VOL. LVIII.

[Rountree et als. v. The State.]

H. C. TOMPKINS, with JNO. W. A. SANFORD, Attorney-General, *contra.*—1. The bill of exceptions pretends to set out all the evidence, and the court will not reverse unless error be affirmatively shown.—*Godwin v. School Commissioners*, 30 Ala. 244, and authorities cited.

2. The rules relating to the larceny of "lost goods" can hardly be applicable to this case. Most of the cases on this subject have been decided where the facts showed that the property was lost on a public highway or in some public place which people have the right and are in the habit of frequenting. Such cases are based upon the idea that the finder might not have known to whom the goods belonged; but in the case at bar the defendants must have known.—See opinion of MANNING, J., in Grigg's case, present volume; 2 Bish. Cri. L. §§ 858, 861.

3. There is no error in the charge given, even though the bale of cotton be considered as lost goods. It was not necessary for the jury to believe that defendants knew to whom the cotton belonged—that fact being only a circumstance to which the jury might look in ascertaining the *intent*, and not a necessary ingredient of the offense.—See opinion of BRICKELL, C. J., in Grigg's case, *supra.*

4. Both of the charges asked and refused were abstract; there was no evidence tending to show that the cotton had been abandoned, and such charges were therefore calculated to mislead, and were properly refused.—2 Brick. Cr. L. §§ 857, 858, and authorities there cited.

STONE, J.—1. The defendants, in the present case, were tried on the second count in the indictment. That count, as found in the transcript, is imperfect. It charges that the defendants "feloniously took and carried a bale of lint cotton." The word 'away' is omitted. This is probably the result of an error in transcribing; but if not, this count of the indictment is bad. If the cotton was delivered to the railroad for transportation, then the road had a special property in it ; and in an indictment for its larceny, it would be sufficient to lay the property in the railroad company. *Satterwhite v. The State*, at present term.

2. In 1 Hale, Pleas of the Crown, 508, it is said: "As it is *cepit* and *asportavit*, so it must be *felonice*, or, *animo furandi*, otherwise it is not felony, for it is the mind that makes the taking of another's goods to be a felony, or a bare trespass only ; but because the intention and mind are secret, the intention must be judged by the circumstances of the fact, and though these circumstances are various, and may sometimes deceive, yet regularly and ordinarily these circum-

[Rountree et als. v. The State.]

stances following, direct in the case." In 2 Russ. Cr. 8, it is said : "It is clear that the taking, though wrongful, may only amount to a trespass. Thus, if a man take away the goods of another openly, before him or other persons, otherwise than by apparent robbery, this carries with it an evidence only of trespass, because done openly in the presence of the owner, or of other persons who are known to the owner." See, also, 2 Whar. Amer. Cr. Law, § 1786 ; 2 Bish. Cr. Law, § 840 ; *McDaniel v. State,* 8 Sm. & Mar. 401, 418. So in *Spivey v. The State,* 26 Ala. 90, this court said : "To constitute the offense of larceny, according to the common law, there must be a taking from the possession, a carrying away against the will of the owner, and a felonious intent to convert the thing taken to the offender's use."—See, also, *Wilson v. The State,* 1 Por. 118 ; Hawkins' case, 8 Por. 461. The authorities cited above clearly show that it is not every taking and carrying away of the personal goods of another that constitutes larceny. Nor is the conversion of goods found necessarily larceny. If this were so, then there would be left little or no ground for the civil actions of trover and trespass *de bonis asportatis* to operate upon. Whether the conversion, or taking and carrying away, amounts to larceny, depends on the circumstances which surround, or attend the act. Unless these circumstances convince the jury that the intent was felonious, then the act is but a civil wrong. Secrecy in acquiring the goods, attempts at concealment, false denial of possession, are among the evidences which distinguish larceny from trespass.

3. The charge given in this case, at the instance of the prosecution, is in the following language : "If the jury believe from the evidence that a bale of cotton was dropped from the cars of the Montgomery and Eufaula Railroad, and that defendants took and carried away said bale of cotton with intent to convert it to their own use, and not with the intent of returning it to the owner, then they are guilty of larceny." It will be seen that these are the ingredients of trover and conversion, and that less than this would not justify a verdict for the plaintiffs, were that action brought on the facts shown in this record. It entirely ignores the question of felonious intent, without which there can be no larceny. That question should have entered into the hypothesis of the charge, to be determined by the jury on all the facts and circumstances in evidence before them. And it is no answer to this to say that the conduct of the alleged guilty parties shows that the taking and secretion of the bale of cotton proves the felonious intent. That was evidence, if believed, to be weighed by the jury, and may

[Lacey v. The State.]

have justified their finding. Still it was, at most, only testimony, upon the sufficiency of which it was their duty to pass. The court, in the charge, could not ignore it, and could not, as matter of law, pronounce it sufficient.

4. In *Griggs v. State*, (in this volume,) we laid down the rule by which to determine when the finder of lost goods commits a larceny in converting them. We need add nothing to what we then said. If the testimony in the present record be true, the bale of cotton had been compressed for shipment, and was found on the track where there was no road-crossing. This, unexplained, would tend to show it must have fallen from the train; and, whether it had marks or not, would tend to show that the finder could easily ascertain who had the special property in it, viz., on this hypothesis, the railroad company. There is nothing in the present record tending to show that the bale of cotton was abandoned goods. Neither of the charges asked should have been given.

Reversed and remanded. Let the defendants remain in custody until discharged by due course of law.