·[Henry Johnson v. The State.]

# Henry Johnson *v.* The State.

*Indictment for Petit Larceny.*

1. *Intent in larceny; when a question for the court.*—In larceny, in all cases which are free from doubt, and in which there is no conflict in the evidence, the question of intent may be determined by the court. (*Mc-Mullen v. The State*, 53 Ala. 551, overruled on this point.)

2. *Same; when a question for the jury.*—If, however, the facts are disputed, and the inference to be drawn is not clear, the question of intent should be left to the determination of the jury.

3. *Same; effect of an open taking.*—The principle adhered to and sustained, that "if a man takes away the goods of another openly before him or other persons, otherwise than by apparent robbery, this carries with it an evidence only of a trespass, because done openly in the presence of the owner, or of other persons who are known to the owner."

4. *Larceny; what does not constitute.*—In a prosecution for petit larceny, the undisputed facts were, that the prosecutor's father, having employed the defendant as a day-laborer on a farm, and owing him a small sum for his services, gave him an order therefor on a merchant, which, on pre-

| 73 | 523 |
| 99 | 102 |
| 73 | 523 |
| 100 | 22 |
| 73 | 523 |
| 107 | 138 |
| 73 | 523 |
| 121 | 35 |
| 121 | 36 |
| 121 | 37 |
| 73 | 523 |
| 125 | 51 |

[Henry Johnson v. The State.]

sentation, the merchant refused to pay, on the ground that he owed the drawer nothing, and the order was drawn without his authority; that at the time the order was presented, the prosecutor was in the merchant's store, and had purchased from him some articles, of less value than the amount due the defendant, which he had placed on a counter in the store; that when payment of the order was refused, the defendant insisted that the prosecutor, who also was working on his father's farm, should pay him; that the prosecutor refused to do this, with an oath, and walked off, leaving the articles purchased on the counter, and ordering the defendant and a brother of the prosecutor to take them to his house; and that then the defendant, in the presence of the prosecutor's brother and several others, openly picked up the articles which the prosecutor had left on the counter, and walked off with them, remarking that he did not believe he would ever get his pay, and that he would take the goods, and save that much. *Held*, that these facts did not constitute larceny; and that the court erred in refusing to charge the jury, at the defendant's written request, that if they believed the evidence, they must acquit him.

APPEAL from Macon Circuit Court.

Tried before Hon. JAMES E. COBB.

The facts disclosed by the evidence are stated in the opinion. The defendant asked the court, in writing, to charge the jury, among other things, that if they believed all the evidence, they must acquit him. This charge the court refused to give, and the defendant excepted.

W. F. FOSTER, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was convicted of petit larceny in the court below on the following state of facts. The prosecutor had purchased a package of coffee and a piece of meat, valued at about sixty cents, which were on the counter of a store kept by one Varner, who was a merchant. The father of the prosecutor had employed defendant as a day-laborer on a farm, and owed him the sum of one dollar and sixty cents, for which he had given defendant an order on Varner, which the latter, as drawee, declined to pay on the ground that he owed the drawer nothing, and that the order was drawn on him without authority. The defendant, thereupon, insisted on the prosecutor's paying the amount, it appearing that he also was working on the father's farm. This the prosecutor peremptorily declined to do, with an oath, and walked off, leaving the goods on the counter, and ordering defendant and his own brother, who was present, to take the articles and carry them to his (the owner's) house. Defendant then, in presence of the brother, and of Varner and several others, openly picked up the packages charged to have been stolen, and walked out of the store with

them, remarking that he did not believe he would ever get his pay, and that he would take the goods and save that much.

The question presented is, whether this was a larceny, or a mere trespass. The line of demarcation between the crime and the mere civil *tort*, in this class of cases, is in many instances very difficult of distinction. It is a general rule, sometimes said to be liable perhaps to a few exceptions, that every larceny necessarily involves a trespass.—*Edmonds v. The State*, 70 Ala. 8, (s. c. 45 Amer. Rep. 67.) Yet, it is a principle, coeval with the origin of our system of criminal jurisprudence, that a mere trespass, committed by taking personal property, is not a crime, unless it is perpetrated feloniously—that is, *animo furandi*, or with the intention to steal.—4 Black. 281. The wrongful act, according to the better view, must be infected with an intention that is furtive and fraudulent in its nature, which, in all cases, entirely free from doubt and conflict of evidence, may be determined by the court—otherwise by the jury.—3 Green. Ev. (14th Ed.) § 157; *Green v. The State*, 68 Ala. 539; *Rex v. Cabbage*, Russ. & Ry. 292.

It was long ago said by high authority, that "if a man takes away the goods of another openly before him or other persons, otherwise than by apparent robbery, this carries with it an evidence only of a trespass, because done openly in the presence of the owner, or of other persons who are known to the owner." 2 Russ. Cr. (9th Ed.) *158. This language is quoted in substance by the learned author from Lord Hale's Pleas of the Crown, written more than two centuries ago.—Hale P. C. 509. This rule was fully approved by this court in *Rountree v. The State*, 58 Ala. 381. See also 2 Whart. Amer. Law (6th Ed.), § 1786; 2 East P. C. 661. We adhere to this principle, although it does not seem to be announced, in its broadest scope, by some of our American text writers, at least in the more recent editions of their works on criminal jurisprudence.—2 Bish. Cr. L. (7th Ed.) §§ 840, 758; 1 Whart. Cr. Law (8th Ed.), §§ 883, *et seq.* But see 2 Whart. Amer. Cr. Law, (6th Ed.) § 1786.

The facts of the present case did not, in the light of this principle, constitute larceny. The taking was open and in the presence of the prosecutor's brother, who had constructive custody of the goods, and several others were also present. It had no element of secrecy or furtiveness, such as usually characterizes the crime of theft, nor was there any subsequent attempt to conceal the property taken. The fact that the goods were seized by defendant, to satisfy his claim for wages, would not, perhaps, it is true, amount to such *bona fide* color of claim as to be sufficient, in itself and alone, clearly to rebut a felonious intent. This, however, in a similar case has been held a question of sufficient doubt to be submitted to a jury.—*Com. v.*

[Henry Johnson v. The State.]

*Stebbins*, 8 Gray (Mass.), 492. But it is admissible to explain the intent in connection with the unconcealed and open character of the seizure, and these two concurring facts, when taken together, show the act to be a trespass merely, and not a larceny, thus rebutting the suspicion that the assertion of claim was " a trick to color a felony," using the language of Lord Hale, who observes that " the ordinary discovery of a felonious intent is, if the party doth it secretly, or being charged with the goods denies it."—1 Hale P. C. 509. The rulings of the court were in conflict with this view of the law, and were in our judgment erroneous.

The case of *McMullen v. The State*, 53 Ala. 531, while fully recognizing the foregoing principle, lays down the rule that the question of intent in all cases of this character must be left to the jury. The better rule, as we have said above, is, that in all cases free from doubt, where the evidence is not conflicting, the whole question is one for the court. Where the facts are disputed, and the inference to be drawn is not clear, it should be left to the determination of the jury.—*Green v.,The State*, 68 Ala. 539. On this point *McMullen's case, supra*, must be overruled.

The case of *McCourt v. The People*, 64 N. Y. 583, is an authority in full accord with these views. There the defendant stopped at the prosecutor's house and asked for some cider, for which he offered to pay. It was refused him by the prosecutor's daughter, and he, thereupon, openly took the cider in the presence of her and of another. The court refused to sustain a conviction, saying: " Every taking by one person of the property of another, without his consent, is not larceny; and this, although it was taken without right, or claim of right, and for the purpose of appropriating it to the use of the taker. Superadded to this, there must have been a felonious intent, for without it there was no crime. It would, in the absence of such intent, be a bare trespass, which, however aggravated, would not be crime. It is the criminal mind and purpose going with the act, which distinguishes a criminal trespass from a mere civil injury."

The court should in this case have given the general charge, that, if the jury believed the evidence, they should acquit the defendant. The facts in evidence did not authorize the inference of the requisite *animus furandi*, or criminal intent to steal.

Reversed and remanded.