# Cox v. The State.

*Indictment for Felonious Adultery.*

1. *Charge ignoring evidence of lewd character* —A man being on trial under an indictment for living in adultery with a woman, and evidence of her lewd character having been admitted without objection, a charge instructing the jury that "the fact that she has a bad character for virtue does not aid. the prosecution, unless it has otherwise proved his guilt as charged in the indictment," is properly refused.

2. *Charge on part of evidence.*—A charge which, specifying one of several criminating circumstances in evidence, instructs the jury that it is not enough to justify a conviction, is properly refused, since it tends to mislead, and is to some extent argumentative.

FROM the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHEL.

The defendant in this case, Dick Cox, a negro man, was indicted jointly with Dura Gratehouse, a white woman, for living together in a state of adultery or fornication; was tried separately, convicted, and sentenced to the penitentiary for the term of four years. On the trial, he asked two charges in writing, and excepted to their refusal. The exception as reserved, and the first charge, are stated in the opinion of the court. The second charge was in these words: "The fact, if it be a fact, that the defendant was seen in and about the house of the said Dura Gratehouse, is not enough to convict them of the offense of adultery; the State must go further, and prove the offense of adultery."

Wm. L. MARTIN, Attorney-General, for the State.

VOL. XCIX.

[Cox v. The State.]

STONE, C. J.—Two written charges were asked by defendant; and, proceeding, the bill of exceptions employs this language: "Which charges the court refused to give. To the refusing of said charges the defendant, Richard Cox, severally excepted." Can we safely construe this language as meaning that defendant reserved a separate exception to the refusal of the court to give each of the two charges requested?—3 Brick Dig. 80, §§ 34, 37, 41.

But we need not decide this case on this question. Neither of the charges asked should have been given. The first reads thus: "The fact, if it be a fact, that D. G., [the female with whom defendant was charged to have lived in adultery] has a bad character for virtue, does not aid the State, unless it has otherwise proved his guilt as charged in the indictment." One recital in the bill of exceptions is as follows: "The evidence for the State further tended to show that D. G. was a woman of lewd character." This testimony had been introduced without objection, so far as the record informs us. If this charge had been given, it would have been a practical denial of all criminating inference to be drawn from the testimony of her character for lewdness. This, because it instructed the jury to ignore that testimony, unless the State had otherwise proved defendant's guilt. If his guilt had been otherwise proved with the degree of certainty required in criminal cases, then the testimony of her bad character could have had no field of operation, and no pupose to accomplish. A charge asked, which ignores the probative force of testimony which is before the jury without objection, is rightly refused.—3 Brick. Dig. 111, § 83.

The other charge is equally faulty. It mentions only one of the criminating circumstances testified to, and asks the instruction that that is not enough to justify a conviction. It entirely ignores other testimony which was much more damaging in its tendencies than that mentioned. It was the duty of the jury to weigh all the testimony *pro* and *con*, and from its combined effect to make up their verdict. Such charge tends to mislead, and is to some extent an argument. It was rightly refused.—3 Brick. Dig. 111, §§ 73, 75, 79, 83; p. 112, § 87; *Smith v. State*, 88 Ala. 73.

Affirmed.