# Barnes v. The State.

*Indictment for Larceny and altering Mark of a Sheep.*

1.   *Altering Mark of sheep ; intent to steal not necessary for conviction ; charge to the jury* —Where one count of an indictment charges a defendant with altering the mark of a sheep with intent to defraud, and in another count the charge is larceny of the sheep, it is proper to refuse a charge which instructs the jury, "that, unless they believe from all the evidence, to a moral certainty and beyond a reasonable doubt, that defendant intended to steal the sheep at the time he re-

marked or had possession of the sheep, then they must find the defendant not guilty;" an intent to steal not being an ingredient of the offense charged in the first count of the indictment.

2. *Charge to the jury; bona fide claim to animal re-marked.*—On a trial under an indictment which charges in one count the re-marking of a sheep with intent to defraud, and in another count, the larceny of the sheep, a charge which instructs the jury "that the question presented in this case involves a *bona fide* claim, or claim in good faith, by the defendant to the ownership of the sheep in question," is properly refused, because invasive of the province of the jury; since whether defendant's claim of ownership was a *bona fide* claim or not was one of the principal questions in the case to be considered and determined by the jury.

3. *Same; offense done openly and in the presence of others.*—On a trial under such an indictment, a charge that instructs the jury that if defendant took or re-marked the sheep openly and in the presence of other persons, and there was no subsequent denial or concealment of the act, such act is not larceny, asserts an incorrect proposition of law, and is properly refused.

4. *Honest belief of defendant that animal belonged to him.*—In such a case, where there is evidence tending to show that the sheep in question belonged to the defendant, and the defendant testified that it was his property, it is error to refuse a charge which instructs the jury "that if they believe from all the evidence that the sheep * * belonged to any one else except" the person in whom the State's evidence tended to show ownership, "then you must find the defendant not guilty; and even if it did belong to such person, and the defendant, at the time of taking or re-marking the sheep, honestly believed that it was his own sheep, although he might have been mistaken, then he could not be guilty as charged in the indictment."

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

The charges of the indictment under which the appellant was tried and convicted are sufficiently stated in the opinion. On the trial of the cause, the testimony for the State tended to show that the sheep, which was the subject of the larceny and the re-marking, with which the defendant was charged, was the property of Elisha Armstrong, and that it was marked in the mark of said Armstrong's uncle, who gave the sheep to him. The several witnesses introduced for the State testified that the sheep in question was the one which had been given to said Elisha Armstrong. by his uncle, and that when it was found, after having been out of the actual possession of said Elisha Armstrong for sometime, the marks on the sheep were changed into the

marks of the defendant; that when the sheep was brought to the home of Armstrong, the new marks on the ears had not healed up. The testimony for the defendant was in direct conflict with this, and he and the several witnesses introduced in his behalf testified that the sheep in question was his property, and had never belonged to Elisha Armstrong; that it was at first marked in the mark which he had formerly used, and that upon his changing the mark for his sheep, the sheep in question was re-marked in his new mark, and when taken from defendant by Elisha Armstrong the new mark had not healed up. The defendant, in his own behalf, testified that he had always owned the sheep, and it was identified by him and his witnesses as his property. It was also shown by defendant's evidence that the sheep in question was marked by defendant openly and in the presence of several neighbors.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (2.) ''The court charges the jury that the question presented in this case involves a *bona fide* claim, or claim in good faith, by the defendant to the ownership of the sheep in question. The line of demarcation between crime and the mere civil tort in this class of cases is, in many cases, very difficult of distinction ; and if you believe, from all the evidence, that the defendant, at the time he took or re-marked the sheep, had an honest belief that it was his own property, the defendant could not be found guilty under this indictment.'' (3.) ''The court charges the jury that if they believe, from all the evidence, that the defendant took the sheep, or re-marked the sheep, openly and in the presence of other persons, and that there was no subsequent denial or concealment of the act, then this carries with it evidence only of a tresspass, because done openly and in the presence of others, and lacks the felonious intent which is an essential element of larceny.'' (5.) "The court charges the jury that unless they believe, from all the evidence, to a moral certainty, and beyond a reasonable doubt, that Joe Barnes intended to steal the sheep at the time he re-marked or had possession of the sheep, then they must find the defendant not guilty.'' (7.) ''The court charges the jury that

if they believe, from all the evidence, that the sheep, the subject of this prosecution, belonged to any one else except Elisha Armstrong, then you must find the defendant not guilty; and even if it did belong to Elisha Armstrong, and the defendant, at the time of taking or remarking the sheep, honestly believed that it was his own sheep, although he might have been mistaken, then he could not be guilty as charged in the indictment, and you must find the defendant not guilty.''

GAMBLE & BRICKEN, for appellant, cited *McMullen v. State,* 53 Ala. 531; *Rountree v. State,* 58 Ala. 381; *Johnston v. State,* 73 Ala. 523.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The indictment against Barnes, the appellant, contains two counts. In the first count it is charged that he altered or defaced the mark of a sheep, the property of Elisha Armstrong, with the intention to defraud; and in the other, the charge is that he feloniously took and carried away one sheep, the personal property of Elisha Armstrong. Upon the evidence for the state the jury might have him found guilty under either count of the indictment. To the offense laid in the first count an intent to steal is not essential—an intent only to defraud is a necessary ingredient of that offense— and, therefore, charge 5 requested by the defendant which required an acquittal if the jury had a reasonable doubt that the defendant "intended to steal the sheep" was properly refused; they might well have reasonably doubted that he intended to steal, and at the same time have been convicted beyond a reasonable doubt that his intention was to defraud the owner of the animal by altering or defacing its marks.

Charge 2 requested by the defendant is argumentative and directly invades the province of the jury in that it asserts that the defendant's claim that the animal belonged to him is "a *bona fide* claim, or claim in good faith," when whether it was such claim or not was one of the main questions for the consideration and determination of the jury.

Charge 3 refused to the defendant in effect declared that there cannot be a larceny when the capture is open

[Knight v. The State.]

and in the presense of other persons, and there is no subsequent denial or concealment of the act. This is not the law, and the charge was well refused.—*McMullen v. State*, 53 Ala. 531.

The 7th instruction requested by the defendant should have been given. It is not abstract in its first proposition, as might at first glance be supposed, since there was evidence tending to show that the sheep alleged to have been stolen or re-marked belonged to another than Elisha Armstrong, in whom the property therein was laid by the indictment, namely, the defendant himself ; and no conviction could be had, of course, if the jury found in line with this tendency of the evidence. The second proposition of the charge is clearly not abstract and is manifestly sound. If the defendant honestly believed the animal belonged to him, obviously he could not have had the criminal intent necessary to guilt under either count of the indictment.

For the error committed in refusing the 7th charge the judgment must be reversed. The cause is remanded.

Reversed and remanded.