# Bonner *v.* The State.

### *Indictment for Larceny.*

1. *Larceny; when intent a question for the jury.*—On a trial under an indictment for larceny, where the evidence shows that the taking of the property by the defendant was open and in the presence of other persons, the defendant stating his intention to take the property, but there is evidence from which the jury might infer an effort on the part of the defendant to conceal the property after it was taken, the question as to

[Bonner v. The State.]

whether or not the defendant was actuated by a felonious intent, should be left to the determination of the jury; and charges which withdraw this question from the jury are properly refused.

APPEAL from the Wilcox County Court.

Tried before the Hon. JAMES T. BECK.

The appellant was indicted, tried and convicted for the larceny of two bushels of corn. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if they find from the evidence that the taking of the corn by defendant was open, in presence of Mr. Garner, and talked with Mr. Garner about taking the corn, in mid day, and afterwards made no concealment of the taking, and made no denial of the taking, a strong presumption arises that the defendant is not guilty of larceny, and in this case, if you believe the evidence, the presumption arises out of the State's evidence." (2.) "The court charges the jury that if they believe the evidence, they should acquit the defendant." (3.) "The court charges the jury that if they believe from the evidence that the defendant took the corn of Messrs. Watson openly before Mr. Garner who was there to represent Mr. Watson, and was not forbidden by Mr. Garner, this carries with it an evidence only of a trespass, because done openly in the presence of Mr. Garner." (4.) "The court charges the jury that from the evidence in this case, if they believe the corn was in the possession and control of Mr. Garner, and if they believe from the evidence that Mr. Garner did not prohibit defendant from taking the corn, and did not tell him not to take the corn, then they must find the defendant not guilty."

MILLER & BONNER, for appellant.

CHAS. G. BROWN, Attorney-General, for the State. The presence or absence of a fraudulent intent is a ques-

tion for the determination of the jury upon the evidence in the case.—*Talbert v. State,* 121 Ala. 33.

SHARPE, J.—It is the *animo furandi* that in general distinguishes larceny from trespass *de bonis asportatis.* Cases occur where the taking, though wrongful, amounts only to a trespass, as where it is done openly, in the presence of the owner or other persons but without felonious intent. Such intent, however, may exist without the element of secrecy which usually characterizes the offense; and in cases of this character, unless the evidence be such that no inference of felonious intent can be drawn from it, the existence of such intent is for the determination of the jury and not for the court.—*Johnson v. State,* 73 Ala. 523; *Rountree v. State,* 58 Ala. 381; *Green v. State,* 68 Ala. 539; *Sims v. State,* 99 Ala. 161; 3. Greenl. Ev. § 157.

In *McMillin v. State,* 53 Ala. 531, it was said that "a strong presumption arises when the taking is open and there is no subsequent attempt to conceal the property and no denial but an avowal of the fact, that there is not a felonious intent, which ought to be repelled by clear and convincing evidence before there is a judgment of conviction."

The last named case is in part overruled in *Johnson v. State, supra,* but it is probable that the opinion in the latter case does not negative the existence of the presumption stated in *McMillin's Case* which has been recognized also in *Cobb v. State,* 100 Ala. 22. The presumption, it will be noticed, is predicated upon the absence of any subsequent concealment or attempt to conceal the property as well as an open taking. The openness of the original taking is not enough to raise the presumption referred to.—*Talbert v. State,* 121 Ala. 33.

As shown by the evidence in the present case the defendant and Garner were employed by Watson as colaborers in gathering corn from Watson's field. Garner was also employed to see if any corn was being stolen. While gathering corn defendant took in a basket from the heaps on the ground, one and a half or two bushels of corn, carried it across a creek and returned with the

[Percy v. The State.]

basket empty. Garner was present when this was done and defendant announced to him his intention of taking the corn. Garner afterwards secreted himself and saw the defendant carry corn in his hands and deposit it with that carried in the basket. At that place the crop was ungathered and there the corn was found next day among some weeds and grass. Defendant, when questioned about it, did not deny taking.

The State elected to prosecute only for larceny of the corn carried in the basket. The defendant's conduct in placing the corn in weeds and grass at a place away from where the work was being done, was a circumstance proper to be left to the jury in determining whether there was an attempt on defendant's part to conceal from Watson the fact that the corn was taken, and whether in doing so the defendant was actuated by felonious intent. Charges 1, 2 and 3 would have withdrawn that question from the jury, and were therefore properly refused. Charge 4 was abstract, since there was no evidence that the corn was in the possession and control of Garner. His employment was only to perform services about the crop, while the possession and control remained with the owner, Watson.

We find no error in the record, and the judgment will be affirmed.


