# Jackson *v*. The State.

*Indictment for Larceny.*

1. *Larceny; sufficiency of evidence.*—On a trial under an indictment which charges the defendant with the larceny of a cow, the fact that some time after the caption of the cow the defendant entertained the belief that the cow belonged to him, does not authorize an acquittal of the larceny charged; since the defendant may have been guilty of feloniously taking and carrying away the property of another, and subsequently to such caption have come to the conclusion that it was his own property.

2. *Same; fact of taking in presence of others does not remove felonious intent.*—The fact that property alleged to have been stolen, was taken by the defendant and carried away in the presence of others, does not, of itself, justify an acquittal under an indictment for the larceny of such property.

APPEAL from the City Court of Montgomery.
Tried before the Hon. WILLIAM H. THOMAS.
The appellant in this case, Leroy Jackson, was in-

dicted, tried and convicted for the larceny of a cow.

On the trial of the case the evidence for the State tended to show that the cow alleged to have been stolen by the defendant was in a pasture, that the defendant took the cow from the pasture one afternoon and drove her to his home; that said cow was not marked at the time she was taken from the pasture by the defendant; that the next morning, after taking the cow from the pasture, the defendant marked her and put her in another pasture. The ownership of the cow taken by the defendant was proved as laid in the indictment.

There was evidence introduced by the defendant tending to show that the cow taken by him was very much like a cow owned by his wife, that he could not find the cow owned by his wife, and going to the pasture took the cow alleged to have been stolen, in the presence of other people, and drove her to his home, believing that it was his wife's cow and that he marked her with his mark.

There was other evidence introduced tending to show that the defendant and his wife owned two cows, and that before they were turned out to run at large, he marked each of the cows. The defendant as a witness in his own behalf testified that when he marked the cow which was taken by him from the pasture, he thought it was his cow, and that the cow which he had previously marked was not his cow.

The defendant requested the court to give to the jury the following charges, and separately excepted to the court's refusal to give each of them as asked: (7.) "If the jury believe all the evidence, they must acquit the defendant." (8.) "If the jury believe that Leroy Jackson, when he marked the first cow, believed the first cow was his cow and afterwards when he went out to look for his cow, he found a cow that was just like his cow and he then honestly believed he had previously marked the wrong cow, and marked the last cow, under this belief, you should acquit the defendant." (9.) "I charge you gentlemen of the jury that the fact and circumstance that the property or cow alleged in the indict-

ment to have been stolen was taken open and notorious-
ly and in the presence of others by the defendant, carries
with it evidence that the taking was only a civil trespass
and not a crime."

L. A. SANDERSON and HILL & HILL, for appellant,
cited *Roundtree v. State*, 58 Ala. 381; *Johnson v. State*,
73 Ala. 523; *Newson v. State*, 107 Ala. 138; *Littlejohn
v. State*, 59 Miss. 273.

MASSEY WILSON, Attorney-General, for the State,
cited *Bonner v. State*, 125 Ala. 49; *Talbert v. State*, 121
Ala. 33; *Dozier v. State*, 130 Ala. 57.

McCLELLAN, C. J.—The cow charged to have been
stolen by the defendant was taken and carried away by
him the afternoon before the morning on which he
marked it.  He might, of course, have been guilty of
feloniously taking and carrying away the animal of an-
other on that afternoon and still have come by the next
morning when he marked it to believe that it was his
own or his wife's.  In other words, the jury were not
bound to acquit him of the larceny charged upon the
conclusion by them that some time after the caption he
entertained the belief that the cow belonged to him.
Charge 8 requested by the defendant was, therefore,
properly refused.

The general charge and charge 9 requested by the de-
fendant proceed on the unwarranted assumption of law
that larceny cannot be predicated of a taking and as-
portation in the presence of others.—*Brown v. State*,
125 Ala. 49; *Talbert v. State*, 121 Ala. 33.

In so far as charge 9 asserts that the openness of the
caption is evidence that the taking was "a civil trespass
and not a crime," it is a mere argument.

Affirmed.