## Ludlum v. The State.

### Larceny.

(Decided June 15, 1915.   69 South. 255.)

1. *Trial; Exceptions to Evidence; Sufficiency.*—Where no objection is interposed to the question when propounded or before answered, an exception "to the foregoing testimony of the witness Riles" was too general to be considered.

2. *Charge of Court; Covered by Those Given.*—It is not error to refuse instructions substantially covered by written instructions given.

3. *Larceny; Evidence; Jury Question.*—Where there is a conflict in the evidence or its tendencies as to the intent of an alleged taking, the defendant is not entitled to the affirmative charge.

4. *Same; Intent.*—The taking must have been done with an intent to steal for the offense to be larceny.

5. *Same; Instructions.*—Where the prosecution was for the larceny of two pairs of trousers, and there was evidence to support the contention of defendant that he took them from a pressing shop with the consent and permission of the proprietor, honestly believing that they were his own, which had been sent to that shop to be pressed, he was entitled to an instruction that unless the jury believed from the evidence that when he took them from the shop, it was his intention to convert them to his own use, and that if he took them from the shop under the belief that they were his own, and after taking them he determined to keep them for his own use, he was not guilty.

6. *Same; Embezzlement; Distinction.*—As distinguished from embezzlement, larceny rests on a trespass or wrong to the possession, and where one gains possession of property so as to constitute a bare charge or custody, or procures it by subterfuge, he does not divest the constructive possession of the owner, and the offense of appropriating the property was larceny.

APPEAL from Geneva County Court.

Heard before Hon. JOHN A. CAMPBELL.

Cliff Ludlum was convicted of larceny, and he appeals. Reversed and remanded.

The bill of exception recites that Cliff Ludlum sent or carried two pairs of pants to the pressing shop of one E. L. Curenton, and came back on Saturday afternoon for them. The evidence is in conflict as to whether Curenton told him that they were ready, and were hanging on the clothes rack in the back part of the room, and whether Curenton told Ludlum to go back and get them. The other facts sufficiently appear from the opinion.

The following charges were refused the defendant: "(A) Larceny is the felonious taking and carrying away the personal property of another with the intent to convert it to the use of the taker, or to deprive the owner thereof, and unless you believe from all the evidence that this was the intention of the defendant at the time that he took the trousers from the shop of Curenton, you cannot convict."

"(C) The intent to steal is the material ingredient of larceny, and I charge you that if defendant took the trousers from the shop of Curenton under the belief that they were his own, and after taking them, determined to keep them, for his own use, and deprive the owner of them, he was not guilty of larceny, and you cannot convict him of the offense charged in the indictment."

No counsel marked for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—(1) The several objections that were made and exceptions reserved, according to the recitals, of the bill of exceptions, "to the foregoing testi-

mony of the witness Riles," are not shown to have been made to the questions at the time they were propounded, or before the questions were answered. The exceptions are not shown to have been made to any particular ruling, or rulings, of the court in admitting evidence, and are entirely too general to be considered.

There is no merit in the defendant's motion, made at the conclusion of the introduction of the state's testimony, "to quash the indictment and dismiss the prosecution" because of a variance.

(2) Refused charges 4 and 6, requested by the defendant, are covered by given charge 1.

Without passing upon the charge as good, it is enough to say of charge No. 7 that it is more than covered by given charges Nos. 2 and 3.

(3) The general charge requested in defendant's behalf was properly refused. If there is any conflict in the evidence, or its tendencies, as to the intent of the taking, the accused is not entitled to the general charge. —*Cox v. State*, 99 Ala. 162, 13 South. 556.

(4-6) On the facts in this case the defendant was entitled to have written charge (A), requested by him, given to the jury as a statement of part of the law applicable to the case. The undisputed evidence showed that the defendant took to the place of business of one E. L. Curenton, who conducted a pressing shop, two pairs of pants, and that when he called for them a few days afterward Curenton was busy, and informed him the pants were ready and on the rack in the back of the room; that the defendant went to this rack, on which were hanging quite a large number of pants belonging to the customers of Curenton, and took two pairs of pants and came back to where Curenton was in the shop, and informed him he had his pants, and that his

brother would pay the charges to which Curenton re-
plied that that was all right. The defendant, almost im-
mediately after this, went to Florida, where he had se-
cured a place to work, and soon after his return was
arrested on an affidavit and warrant sworn out by Cur-
enton, charging him with larceny in having stolen one
of the pairs of pants. In the meantime—that is, after
the defendant had taken the pants from the shop of
Curenton and before his return from Florida—it had
been ascertained that one of the pairs of pants taken
from Curenton's shop by the defendant belonged to one
John Riles. The evidence further showed that the pants
belonging to the defendant and those belonging to Riles,
which the defendant took, were both blue serge pants,
and the defendant testified that he did not discover that
one of the pairs of pants taken from the shop of Curen-
ton did not belong to him until he had gone to Florida,
and that upon discovering this he had never worn them,
and that when he delivered them to the sheriff who ar-
rested him on the charge of stealing them, they were
in exactly the same condition as when he got them, never
having been out of his possession and never having been
worn by him.

Under the evidence it could not be said that the de-
fendant came into possession of the property alleged
to have been stolen so as to give him but the bare charge
or custody of the property while the true owner was in
the constructive possession. As said by the writer in the
opinion of the court in *Boswell v. State*, 1 Ala. App. 178,
182, 56 South. 21, 22: "Larceny and embezzlement be-
long to the same family of crimes; the distinguishing
feature being that to constitute larceny there must have
been a trespass or wrong to the possession, but where
one gains possession of the property so as to constitute

only a bare charge, or custody, or procures it by subterfuge, it does not divest the possession of the true owner; he is still in the constructive possession, and the offense of appropriating the property is larceny."

There is nothing in the evidence in this case to show that the defendant gained possession of the property alleged to have been stolen by subterfuge, or that his possession was but the bare charge or custody, as in the case of a servant or agent having the custody of goods for another, and the cases holding that an appropriation of the goods in custody by a servant or agent under circumstances that do not divest the true owner of possession constitutes larceny do not apply.

Under the facts in this case it was the defendant's contention, supported by the evidence introduced in his behalf, that he took the property honestly believing it was his own, and this cannot be larceny.—*Barnes v. State*, 103 Ala. 44, 15 South. 901; *Morningstar, v. State,* 55 Ala. 148. To constitute larceny in this case, the taking must have been perpetrated with an intent to steal, and the court was in error in refusing to give charges (A) and (C), requested by the defendant. See the following cases, which support and are in line with our holding: *Johnson v. State,* 73 Ala. 523; *Roundtree v. State,* 58 Ala. 381; *Bailey v. State,* 58 Ala. 414; *Talbert v. State,* 121 Ala. 36, 25 South. 690; *Green v. State,* 68 Ala. 539; *Allen v. State,* 91 Ala. 19, 8 South. 665, 24 Am. St. Rep. 856; *Beckham v. State,* 100 Ala. 15, 14 South. 859; *Weaver v. State,* 77 Ala. 26; *Crocheron v. State,* 86 Ala. 65, 5 South. 649, 11 Am. St. Rep. 18.

For the errors pointed out, the judgment of conviction must be reversed, and the case remanded.

Reversed and remanded.