27 So.2d 22

### REED v. STATE.

4 Div. 879.

Court of Appeals of Alabama.

Dec. 18, 1945.

Rehearing Denied May 14, 1946.

Yarbrough & Beck, of Enterprise, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

**CARR, Judge.**

Appellant was a tenant share cropper of M. O. Forehand during the year 1943. At harvest time ninety bushels of corn—defendant's portion—were stored in a building on the farm.

On the trial in the court below, Mr. Forehand testified, in part, that in settlement of an account with appellant for advancements he purchased the corn from the defendant and paid in cash the difference, which amounted to $82.50. This evidence was corroborated by Mr. Forehand's wife, who testified that she was familiar with the account and was present when the trade was made. Mr. Forehand stated also that forthwith after he purchased the corn he secured, with lock and chain, the door to the crib in which the grain was stored. About three or four weeks later, he said, he discovered the door knocked down, the lock and chain missing, and all the corn gone.

Appellant, as a witness in his own behalf, admitted that he had the grain moved to his new home on another farm. He denied, however, that he sold it to Mr. Forehand and claimed the right to move it as his own property.

The defendant was indicted and convicted for the larceny of the corn.

The lower court refused to the appellant the general affirmative charge. It is earnestly urged that the facts and circumstances destroy all inferences of a felonious intent, and this insistence is based mainly on the undisputed evidence that the removal of the corn occurred during the daytime with no apparent effort at secrecy.

It is, of course, well recognized that felonious intent is a material ingredient of larceny. McMullen v. State, 53 Ala. 531; Ludlum v. State, 13 Ala.App. 278, 69 So. 255.

It is also a familiar law that there is a strong presumption of the absence of the element of felonious intent when the taking and conveyance of the property is without secrecy and there is no subsequent effort to conceal or hide it and no denial of the true facts relating to the asportation. Bonner v. State, 125 Ala. 49, 27 So. 783; McMullen v. State, supra.

This rule, however, only amounts to an evidential presumption which the jury should consider in determining the guilt or innocence of the accused.

The Supreme Court in the early case of McMullen v. State, supra, made this observation: "We do not understand the author as asserting that larceny cannot be committed, when goods are openly taken from the possession of the owner, without force, or even without fraud; nor that because there is no secrecy attending the taking and carrying away, but it is avowed without inquiry, the offense cannot be committed. If such was the law, the bolder and more reckless the criminal, the greater his chances of escaping conviction. Clandestinity and falsehood are usual attendants of larceny; but it is sometimes committed openly, and boldy avowed. A strong presumption arises, when the taking is open, and there is no subsequent attempt to conceal the property, and no denial but an avowal of the fact, that there is not a felonious intent, which ought to be repelled by clear and convincing evidence, before

there is a verdict and judgment of conviction. * * * The rule is very clearly stated by Mr. Greenleaf, as we do not doubt it was intended by Dr. Wharton to be understood: 'If the taking, though wrongful, be not fraudulent, it is not larceny, but is only a trespass; and ought to be so regarded by the jury, who alone are to find the intent, upon consideration of all the circumstances.'" See, also, Talbert v. State, 121 Ala. 33, 25 So. 690; Jackson v. State, 137 Ala. 96, 34 So. 609; Barnes v. State, 103 Ala. 44, 15 So. 901.

We entertain the view that the primary court correctly denied the general affirmative charge to appellant. The applicable principles so fundamental in the law do not necessitate any elaboration. See Sims v. State, 99 Ala. 161, 13 So. 498; Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; Ludlum v. State, 13 Ala.App. 278, 69 So. 255; Morningstar v. State, 55 Ala. 148; Hart v. State, 17 Ala.App. 349, 84 So. 856.

Counsel for appellant propounded this question: "Mr. Forehand, there was a civil suit between you and Malberry concerning that crop, wasn't there?" The generality of the question, if for no other reason, justified the lower court in sustaining objection thereto.

Appellant attempted to remove any inference of felonious intent by an effort to prove that he consulted a lawyer in regard to his rights to move the corn. He was denied this opportunity by the ruling of the trial court.

In this we are convinced that substantial rights of appellant were intervened by the ruling, and the judgment of conviction in the court below should be reversed for this reason. The factual issues in the case were closely entwined around the inquiry of felonious intent. Appellant should, therefore, have been permitted to put in evidence any material facts which would tend to disprove this intent. 36 C. J., Sec. 459, p. 888; People v. Schultz, 71 Mich. 315, 38 N.W. 868.

During the argument to the jury the solicitor made this statement: "This defendant has lied like a dog running on hot sand." We are not attempting to pass on the accuracy of the comparison. Whether or not a dog lies while running on hot sand we are unable to say, but we do hold that the argument was not improper under the influence of the holding in Green & Sons v. Lineville Drug Co., 167 Ala. 372, 52 So. 433; Baughn v. State, 22 Ala.App. 517, 117 So. 608.

With the exception of the general affirmative charge for the defendant, two other written charges were refused to appellant. They appear in the record without being numbered. The first of these is: "You and each of you must believe from all the evidence that the defendant that the defendant is guilty as charged before you can find him guilty."

The repetition of the phrase makes the charge confusing, but it is otherwise objectionable. Roberts v. State, 122 Ala. 47, 25 So. 238; Kirby v. State, 151 Ala. 66, 44 So. 38.

The other charge is: "I charge you gentlemen that you are to base your verdict as to either of the witnesses of the defendant testifying falsely on the evidence and not on the argument of the solicitor."

The justification for its refusal is apparent.

The foregoing disposes of all questions presented for review by the record in this case.

For error indicated the judgment of conviction in the nisi prius court is ordered reversed and the cause remanded.

Reversed and remanded.