THE PEOPLE v. AUGUST SCHULTZ.

*Criminal law—Larceny—Felonious intent—Claim of title.*

A judgment debtor, whose sewing-machine had been seized and sold on execution, and left by the judgment creditors on trial with a party who desired to purchase it, is not guilty of larceny in taking the machine from said prospective vendee, to whom he made known his claim that it was exempt property, and to whom he gave a receipt for the machine, he acting in the matter under the advice of counsel.

Exceptions from Wayne. (Brevoort, J.) Argued June 27, 1888. Decided July 11, 1888.

Respondent was convicted of the larceny of a sewing-machine. Circuit court directed to set aside the conviction and dismiss the case. The facts are stated in the opinion.

*Peter E. Park* and *James H. Pound,* for respondent.

*Moses Taggart,* Attorney General, and *George F. Robison,* Prosecuting Attorney, for the people.

SHERWOOD, C. J. The respondent in this case, under an information containing two counts,—the first charging him with stealing a sewing-machine, and the second charging him with receiving and secreting the same machine knowing it to have been stolen,—was prosecuted and convicted in the Wayne circuit court, and is now awaiting sentence pending the determination of the exceptions taken on the trial by this Court.

The substance of all the evidence given upon the trial is in the record before us. From this it appears that Miller & Thompson, of Detroit, had a judgment against the respondent, and on August 24, 1886, they took out

an execution upon the judgment. At this time the respondent had the sewing-machine mentioned, which he claims was exempt property. The execution was levied upon the machine, which was taken and sold by the constable under the execution to one Fox, who sold it to Miller & Thompson for a dollar advance. They subsequently offered it for sale, and left it with a Mrs. Burch on trial, who desired to buy a machine. While it was there, respondent, claiming it as exempt, went to the house of Mrs. Burch, and took the machine away, telling her how he claimed the property, and gave Mrs. Burch a receipt for the machine. This the respondent did under the advice of his counsel, Mr. Park, that he had the right so to do, and it is this taking that is supposed to constitute the larceny charged in the information.

Mr. Schultz did not actually do the taking, but this was done by Mr. Tyler. whom he took with him to assist in getting the machine, and to whom he stated his right thereto, and the respondent received the machine from Mr. Tyler; and this is the offense charged in the second count in the information against the respondent.

On the trial the respondent offered testimony to show that the machine was exempt from the levy and sale made upon the execution. He offered testimony to show that, before he took the machine from Mrs. Burch, he took counsel of a lawyer as to what his rights were in the property, and that he was advised he was the owner of the property, and could take it wherever he could find it ; and that, believing the, advice to be correct, he in good faith took the means he did in getting possession of the property, and had no intention of stealing it. He offered to show by the respondent his intentions were not felonious in taking the property.

The foregoing offers of testimony were all rejected by the circuit judge on the ground that what was offered to

be shown was no defense, and no part of defendant's case. These rulings were erroneous.

When the testimony had all been taken, counsel for respondent requested the court to charge the jury as follows :

"1. If the jury find that the title of the machine was in Miller & Thompson, before they can convict the defendant, they must find that defendant had a felonious intent.

"2. If the jury find that the defendant took the machine in good faith, under claim of title in himself, even though it was the property of another, the defendant must be acquitted.

"3. If Miller & Thompson did not acquire a good title under the execution sale, then the defendant is not guilty.

"4. If the jury find from the evidence that there was no legal sale of said machine by posting notices, etc., as the statute requires, then the people have not shown that Miller & Thompson had acquired a legal property in said machine, and the defendant must be acquitted.

"5. The burden of proof rests with the people to show that the proceedings were regular and lawful under the said judgment and execution.

"6. If the jury find that the defendant believed the machine was his, then there would not be felonious intent, and defendant is not guilty.

"7. Under the evidence in this case, the defendant should be acquitted."

These requests were all proper, and, under the uncontradicted evidence, I think the last request ought to have been given. The plaintiffs in the execution claimed title to the property only through the sale. Instead of giving these requests of the respondent, the court, in the last portion of his charge, said to the jury:

"Now, I believe that he is charged with both receiving this machine and the larceny of it. There is no evidence here before you that he received this property from anybody who had received it unlawfully. Therefore that part of it you are to eliminate from your minds entirely;

and if, under the evidence, you should find him guilty, he will be guilty of stealing the property, and not receiving it. Follow an officer."

After a time the jury returned, and submitted the following question:

" Could they find the defendant guilty if they found there was no felonious intent?

" *The Court*. No, gentlemen. A man cannot commit a crime without committing trespass. If you believe this man's own story, that he took this machine in the way stated, I charge you, as a matter of law, he is guilty. Because he was badly advised, does not excuse him."

To the foregoing charges the counsel for respondent very properly excepted. From a careful reading of the record it is very certain the respondent committed no crime in what he did; and, if the people's evidence is to be taken as showing the facts, at most he could only be guilty of trespass, and this prosecution should not have been made.

The circuit court must be directed to set aside the verdict entered in the case, and enter a judgment dismissing the case.

The other Justices concurred.