## PEOPLE *v.* SLAYTON.

1. APPEAL — BILL OF EXCEPTIONS—ASSIGNMENTS OF ERROR—EVIDENCE—PARTIAL RETURN.

Assignments of error which relate to the sufficiency of the evidence will not be considered, where the bill of exceptions embraces a part only of the testimony of important witnesses, even though the certificate of the trial judge states that all the evidence is returned.

2. LARCENY—DEFENSES—GOOD FAITH—ADVICE OF COUNSEL.

Where respondent in a prosecution for larceny claimed that he took the property acting under the advice of counsel, believing it to belong to another, it was error to instruct the jury that the advice of counsel, to be available as a defense, must have been given upon a statement of *all* the facts; the limitation recognized in actions of malicious prosecution being inapplicable on a trial for larceny, where such advice has no significance except as a circumstance bearing on the good faith of the respondent.

Error to Benzie; Aldrich, J. Submitted May 2, 1899. Decided March 27, 1900.

Bert Slayton was convicted of larceny. Reversed.

*Dodge & Covell*, for appellant.

*D. G. F. Warner*, Prosecuting Attorney, for the people.

MOORE, J. The respondent, who was convicted of the larceny of a horse, has brought the case here upon writ of error. We cannot well consider some of the assignments of error, for the reason that all the testimony in the case is not returned. The certificate of the trial judge states it is all returned, while the record discloses very clearly that as to some of the important witnesses none of the testimony in chief is returned, and only a part of the cross-examination.

It appears from the record that the respondent went to the barn of the complaining witness in the night-time, when the complaining witness was away from home, and his family was in bed, and took away a horse, which the complaining witness claimed to own. He delivered the horse to one Hoxie, who took it out of the county, and the complaining witness never saw it afterwards. It was claimed on the part of the respondent he was acting for a firm who had sold the horse to the complaining witness, taking a note therefor, in which they reserved the title to the horse; that he had the note with him at the time he took the horse, and posted a copy of it upon the barn; and that he acted in good faith. He also claims he acted under the advice of counsel. It is claimed upon the part of the people that the note given by complaining witness did not reserve the title to the horse, and that, if such a clause appeared in it, it was inserted after he gave the note, and was a forgery, and that respondent knew, before he took the horse, of this claim of the complaining witness. It is also claimed that respondent did not fully and fairly state all of the facts to the counsel he consulted, and was not advised by him to take the property in the night-time, and run it out of the county.

It is contended on the part of the respondent that, where one in good faith takes another's property under a claim of right so to do, he is exempt from the charge of larceny, however puerile or mistaken the claim in fact may be; citing *People* v. *Hillhouse*, 80 Mich. 580 (45 N.

W. 484). Upon that feature of the case the trial judge instructed the jury:

"If the respondent took the horse in question under the note produced in this case, and in so doing was acting for A. Kahn, and in the belief that said A. Kahn owned said horse, then said respondent would have a right to do what he did, and your verdict must be not guilty. Even if the jury should find that said note had been fraudulently changed, that fact itself would not render the respondent guilty of larceny in taking said horse. * * *

"An officer or agent who takes possession of property under a chattel mortgage or note to enforce the collection of a debt would not be guilty of larceny if it should afterwards appear that said chattel mortgage or conditional note was forged or fraudulently changed by some other person unknown to the respondent. So in this case the respondent cannot be found guilty on the mere fact that the note has been fraudulently changed, if you find it has been changed; still you must acquit the respondent, unless you find that he feloniously took said horse with the intent and for the purpose of stealing him and depriving the owner of his property. If the respondent took said horse on the claim of ownership in A. Kahn, and to enforce the claim of A. Kahn against said horse, even though said respondent was mistaken as to the genuineness of said note,—that is to say, if he believed in the genuineness of the note,—still he would not be guilty of larceny, and your verdict should be not guilty in such case.

"There can be no crime without criminal intent, and crime cannot be inferred from secretly or clandestinely taking property,—taking possession of property on claim to own, or of property claimed to be owned by another, by whom the party is employed to act in taking the same,—but such fact and circumstances may be taken into consideration by the jury in aiding them to come to a conclusion of the *bona fides* of the taking of the property. By '*bona fides*' I mean the good faith of the taking,—whether with a felonious intent or a criminal intent.

"The wrongful taking of the property would not make it larceny, nor would the taking of this property, after knowing it was in dispute, or that it was claimed that there had been a forgery committed, make it larceny; but, in addition to this, there must have been a criminal intent, or a taking and carrying away with a felonious intent,

beyond a reasonable doubt, or your verdict must be not guilty."

This charge was repeated, in effect, several times over, and was all that respondent had a right to claim upon that branch of the case.

It is said that, as respondent was acting under the advice of counsel, this disproved the necessary criminal intent to constitute larceny; citing *People* v. *Schultz,* 71 Mich. 315 (38 N. W. 868). The jury were instructed as follows:

"If you find the respondent, Mr. Slayton, was acting under the advice of an attorney in this case,—that he followed the advice and instructions of such attorney,— this would do away with the necessary criminal intent, and you will find the respondent not guilty. In order for that to be an excuse for the respondent, however, he must act strictly under the advice of counsel, and he must in good faith believe that the advice— That is, he must submit to counsel all the facts known to him, and then act under such advice in good faith. A person may not, who was intending to commit a wrong, tell part of the facts and circumstances to counsel, and then act under advice of counsel. It is necessary that he must act in good faith, even when acting on the advice of counsel; but a person may rely upon counsel, if he states to the counsel all of the facts and circumstances."

In our opinion, the advice of counsel has no significance in this case, except as a circumstance bearing upon the respondent's good faith. The question was introduced by his counsel by their nineteenth request to charge, which was as follows:

"Gentlemen of the jury, if you find that the respondent, Mr. Slayton, was acting under the advice of an attorney in this case,—that he followed the advice and instructions of such attorney,—this would do away with the necessary criminal intent, and you will find the respondent not guilty."

This request was not and should not have been given, but that does not justify the instruction given. In a case of malicious prosecution, the instruction given would per-

haps have been proper; but, in a criminal case like this, there is no such limitation upon the defense of good faith as that advice of counsel may not be relied upon unless all facts are stated to counsel.    We are of the opinion that the language of the charge in this particular was injurious.

'It is assigned as error that the trial judge did not give respondent's requests to charge.    So far as the requests were applicable to the case, those of them that were proper statements of the law were fully and fairly and clearly stated by the trial judge.    Under such circumstances, his failure to read the written requests of counsel is not error. *People* v. *Weaver,* 108 Mich. 649 (66 N. W. 567).

The other assignments of error have been considered. We do not think they are well taken, but do not deem it necessary to discuss them.

The conviction is reversed, and a new trial ordered.

The other Justices concurred.