# Cobb v. The State.

*Indictment for Selling Property with Intent to Defraud.*

1. *Construction of statute; Code, § 3835.*—To constitute a violation of § 3835 of the Code it is necessary that the removal or sale of the property shall be effected with the intent to delay, hinder or defraud some person who has a claim thereto; the intent to defraud the mortgagee, or lienee, is the ingredient which ·magnifies the offense into a felony, and the tendency of the sale or removal must be to impair the available value of the security, or to obstruct, delay, or hinder its enforcement.

2. *Same; Code, § 3836.*—The intent with which the sale or conveyance is made, the other conditions being shown, is not an essential inquiry in a prosecution under section 3836 of the code; the enumerated acts, without more, constitute the misdemeanor.

3. *Code, § 3835; charge of court.*—A charge which would only be appropriate to the offense of larceny is properly refused in a prosecution under section 3835 of the Code, since the words in that section "must on conviction be punished as if he had stolen the same," simply declare the punishment, and do not make the crime larceny nor impart to it all the properties of that crime.

4. *Same; evidence*—In a prosecution under section 3835 of the Code evidence that the mortgaged goods were sold or traded in the neighborhood, and were afterwards openly owned and kept in the neighborhood, and that there was no attempt to put them beyond the reach of the mortgagee or to hinder him in the enforcement of his lien, are circumstances the jury should be permitted to consider in determining whether the defendant had "the purpose of hindering, delaying or defrauding" the mortgagee.

5. *Same.*—In a prosecution under section 3835 of the Code testimony that the mortgagee or lienee cut logs and timber from the defendant's lands at an agreed price, although done under a written contract which is not produced, is admissible. the real inquiry being whether the mortgagee or lienee owed the defendant anything on account of such logs and timber; the question of indebtedness coming up collaterally the rule which requires the production of the highest and best evidence does not apply; any legal evidence bearing on the fraudulent intent is admissible.

FROM the Circuit Court of Covington.

Tried before the Hon. JOHN R. TYSON.

The indictment charged that the defendant "with the purpose to hinder, delay or defraud Norman McIntosh who had a lawful claim and a valid claim thereto under a written instrument, lien created by law for rent or advances, or other lawful or valid claim verbal or written, did sell or remove personal property (describing it) having at the time a knowledge of the existence of such claim," &c. There was a trial

[Cobb v. The State.]

under the plea of not guilty when the following were shown to be the facts.

On August 6, 1889, the defendant executed to Norman McIntosh a crop lien note for $141.17 secured by a mortgage on lands and personal property, including a horse, buggy and ox, described therein, which mortgage was duly recorded, and was offered in evidence by the prosecution.

The mortgage was reduced by payments to a balance of twenty-seven 17–100 dollars when the defendant traded or sold the horse, buggy and ox, covered by the mortgage to some of his neighbors and the property remained in the neighborhood in the possession of the purchasers and was openly used by them. The purchaser of the horse saw the mortgagee before he purchased and told him of his purpose to do so and the mortgagee told him it would be all right, if the defendant paid him; and the defendant, a few days after all the sales, told the mortgagee of them, and also told him they must have a settlement, and that if he owed anything he would pay it. At the time the property was sold or traded, there were credits in favor of the defendant which he claimed should go on the mortgage debt, but which the mortgagee claimed was to be applied to additional advances made by him to the defendant. Among such credits was a claim for timber and logs cut by the mortgagee from defendant's lands under a written contract. The defendant on the trial offered oral proof of this item to which the prosecution objected on the ground that there was a written contract; the objection was sustained and the defendant reserved an exception.

In its general charge the court gave the following instruction to which the defendant excepted. "A man is presumed to intend the natural and proximate consequences of his acts, and a man is presumed to intend what he does."

The defendant requested the court in writing to give the following charges which being refused he excepted separately to the refusal to give each, to-wit: No. 1. "If the jury believe from all the evidence in this case that the trading was open and there was no subsequent attempt at concealment and no denial, but an open avowal of the trading, a strong presumption arises that no intent to hinder, delay, or defraud McIntosh, the holder of the claim, existed, and this presumption must be repelled by clear and convincing evidence before a conviction is authorized."

"The court charges the jury that if they believe the evidence in this case they must find the defendant not guilty."

[Cobb v. The State.]

J. F. JONES and B. H. LEWIS, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Section 3835 of the Code makes it a felony to remove or sell, any personal property known to be under certain specified liens, "for the purpose of hindering, delaying or defrauding any person who has a claim thereto."

Section 3836 makes it a misdemeanor in any one to sell or convey "personal property upon which he has given a written mortgage, lien, or deed of trust, and which is then unsatisfied in whole or in part, without first obtaining the consent of the lawful holder thereof to such sale or conveyance."

To constitute a violation of the first of these sections it is necessary that the removal or sale shall be effected with the intent to delay, hinder or defraud some person who has a claim thereto. A person found guilty under this section must "be punished as if he had stolen the same." The intent with which the sale or conveyance is made, the other conditions being shown, is not an essential inquiry in a prosecution under section 3836. The enumerated acts, without more, constitute the misdemeanor.

It is obvious that the ingredient which magnifies the offense into a felony, as declared in section 3835, is the fraudulent intent. That is, the intent to defraud the mortgagee or lienee, in the matter of the lien secured to him by the mortgage, or other specified lien. To make good the averment of such fraudulent intent, the tendency of the removal or sale must be to impair the available value of the security, or to obstruct, delay, or hinder its enforcement. Less than this can not delay, hinder, or defraud, and, consequently, does not furnish evidence of such intent. We can conceive of cases of sale or removal which could have no tendency to impair the available value of the security, or to obstruct, delay, or hinder its enforcement. One case of harmless sale would be presented, if the purpose and effect were to pay off and discharge the lien or incumbrance; or, if such incumbrance were otherwise paid off. So, a removal which did not obstruct, delay, or hinder the enforcement of the lien, would furnish no evidence of an intent to defraud. There may be other cases, which would not fall within the punitive provisions of the statute.

The statute declares that a person violating its provisions, must "be punished as if he had stolen the same." This simply declares the punishment. It does not make the crime larceny, nor impart to it all the properties of that

crime. Charge No. 1 asked by defendant would have been appropriate if the indictment had been for larceny.—*Rountree v. State*, 58 Ala. 380; *McMullen v. State*, 53 Ala. 531. It was not, however, adapted to this case. We will add, if the mortgaged goods were sold or traded in the neighborhood, and were afterwards openly owned and kept in the neighborhood, and there was no attempt to put them beyond the reach of the mortgagee, or to hinder him in the enforcement of his lien, this was a circumstance the jury should consider in determining whether the defendant had "the purpose of hindering, delaying, or defrauding" the mortgagee.

While McIntosh, the prosecuting witness, was on the stand, he was asked by defendant if he did not cut logs and timber from defendant's lands, and he answered "I did. I got 85 or 100 logs at 1 cent per foot." The bill of exceptions then proceeds, "Here the State by its solicitor objected to this question and answer of defendant, and moved to exclude the same from the jury. Which motion, upon it being made to appear to the court that the logs were cut under a written contract which the defendant executed in 1888, the court sustained, and excluded this answer of the witness from the jury." There was an exception to this ruling.

It will be perceived that the objection to this testimony was, that the logs were cut under a written contract executed in 1888. This objection was not well taken. The real inquiry was, whether McIntosh owed the defendant anything on account of the logs. If he did, or if the circumstances were such as to create in the mind of the defendant the belief that there was such indebtedness, this was a circumstance the jury should have been allowed to consider, in determining whether the sale, or sales were made "for the purpose of hindering, delaying, or defrauding" McIntosh. Coming up, as the question did, collaterally, the rule which requires the production of the highest and best evidence does not apply. Any legal evidence bearing on the inquiry of fraudulent intent was admissible.—*Alsabrook v. State*, 52 Ala. 24; *Mattison v. State*, 55 Ala. 224; *Johnson v. State*, 73 Ala. 523; *Black v. State*, 53 Ala. 81.

Reversed and remanded.