# Hudson *v.* Scott, *et al.*

*Action of Assumpsit.*

1.  *Contract with agent; on whom binding.*—Where a party enters into a contract avowedly as the agent of another who is known to the other party of the contract as his principal, such contract is binding solely upon the principal, unless the agent acts beyond his authority and adds thereto his individual responsibility by special stipulation.

2.  *Contract with real estate agent; when not binding upon agent of the owner of the property.*—In an action by real estate agents to recover commissions for effecting the sale of certain designated property, where the complaint alleges that the defendant, as guardian and trustee of the owner of the property, agreed to pay plaintiffs certain commissions for making the sale of such property, and the evidence shows that the defendant acted throughout the transaction of the sale of the property, not for himself, but as the guardian of said owner, tnat he had no title or interest in the property other than as the agent or guardian of the owner, and that the plaintiffs were fully advised of such agency or guardianship, the plaintiffs can not recover in such an action; since the liability for the payment of the commission is upon the principal and not the agent in such a transaction.

3.  *Action for money had and received; when maintainable.*—In order to maintain an action for money had and received, it is necessary that the defendant should have in his hands money which belonged *ex equo et bono* to the plaintiff, from which the law implies a promise on the part of the defendant that he will pay such money to the plaintiff.

[Hudson v. Scott, et al.]

4. *Same; same; case at bar.*—Where in the consummation of the sale of real estate, the purchase money is paid to the agent or guardian of the owner, and he in turn pays the whole of such money over to his principal, the real estate agents who negotiated the sale can not maintain an action for money had and received against such agent of the owner of the property, for the recovery of their commission which they allege the agent promised to pay; since said agent of the owner never had such possession of the money sued for as would make him liable in such an action.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action of assumpsit brought by the appellees against the appellant. The original complaint contained one count. By amendment another was added. The substance of these counts is sufficiently stated in the opinion.

The defendant interposed the following pleas: "1st. General issue. 2d. No consideration. 3d. That he acted only as a guardian of Hattie Price, which was known to plaintiffs, and never agreed to pay anything on his own account or to incur any personal liability on account of the transaction."

The evidence for the plaintiffs tended to show that they were engaged in the real estate business, and that they went to see the defendant for the purpose of getting him to allow them to sell several lots in the suburbs of the city of Montgomery; that they told the defendant they could sell the property for $4,000; that the defendant told them in response to the proposition, that he did not own the property, but represented one Hattie Price as her agent and guardian; that Miss Price lived in Massachusetts, and that he would communicate with her in reference to selling the property. Subsequently the plaintiffs and the defendant wrote to said Hattie Price, informing her of the prospect of selling the property, that she thereupon wrote to the defendant placing the matter of the sale of the property entirely within his hands and so instructed the plaintiffs. That upon the plaintiffs telling the defendant they could sell the property for $5,000, the defendant agreed to such price and at the same time agreed to pay the plaintiffs $250 as

commissions for making the sale. That the sale was made to one Chas L. Gay, who paid to the defendant, as guardian of Hattie Price, $5,000, and received from the defendant, a warranty deed from Hattie Price and a quit claim deed from the defendant to the property in question. The evidence for the plaintiffs further tended to show that upon demand being made upon the defendant for $250, as the agreed commissions, he refused to pay the same.

The defendant as a witness in his own behalf testified that he owned no individual interest whatever in the lots in question, and had the management of them simply as the agent and guardian of the said Hattie Price; that he made no agreement with the plaintiffs to pay them a commission of $250 for making the sale to said Gay; that upon plaintiffs requesting him to pay them the commission, he declined to do so, saying that they came to him with the proposition to purchase and that if a commission was paid, they should be paid by the prospective purchaser whom they represented. The defendant further testified that upon the payment of the $5,000 by Chas. L. Gay, as the purchase price of said lots, he, the defendant, paid the same into his account as guardian of said Hattie Price, and that upon the final settlement of his account, he paid $5,000 to said Hattie Price. That said $5,000 was paid by Gay in a check, which was payable to him as guardian for Hattie Price.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury, among others, the following written charge: "If the jury believe the evidence, they must find for the defendant." The court refused to give this charge, and the defendant separately excepted.

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the refusal of the court to give the general affirmative charge requested by him.

R. L. HARMON, for appellant.—Where one is acting as agent for another and the name of the principal is disclosed and the facts are known to the person with whom

the contract is made, or the transaction had, the agent incurs no personal liability.—1 Am. & Eng. Ency. of Law, (2d ed.), p. 1119; *Whitney v. Wyman,* 101 U. S. *Land Co.,* 98 Ala. 461-472; *Rodney's Admr. v. Morgan & Duncan,* 67 Ala. 461-467; *Comer v. Bankhead,* 70 Ala. 493.

There can be no recovery on the second count in the complaint as for money had and received. The action for money had and received can never be maintained except where defendant has received money which *ex equo et bono* belongs to the plaintiff. It is not enough that the defendant received money which he is not entitled to retain, but plaintiff must show that it is his money or money received from property on which he has a lien. He must have a special property in or title to the particular money claimed.—*Steiner Bros. v. Clisby,* 103 Ala. 181.

There is no such thing as a common law lien except in cases where the person asserting the lien has *possession* of the *property* and there is a debt arising out of the transaction relative to the specific property in the possession of the agent.—1 Jones on Liens, §§ 20 and 21; Mechem on Agency, §§ 675, 676.

GORDON MACDONALD, *contra.*—The action for money had and received is an equitable remedy, and may be supported when the defendant has received money which, in good conscience, he ought not to retain, and which *ex equo et bono* belongs to the plaintiff.—*Harper v. Clopton,* 62 Ala. 45; *P. & M. Ins. Co. v. Tunstall,* 72 Ala. 142; *King v. Martin,* 67 Ala. 177.

HARALSON, J.—The original complaint contained but one count, on a contract alleged to have been made by plaintiffs, Scott & Sons, with the defendant, Hudson, whereby the defendant, as guardian and trustee of Hattie Price, who lived in Massachusetts, agreed with plaintiffs, that if they would sell for him a certain piece of real estate in Montgomery, for the sum of five thousand dollars, he would pay the plaintiffs the regular, custom-

ary commissions of five per cent on the purchase price for so doing; that plaintiffs fully performed their part of the contract, and secured a purchaser for said real estate, at the price named; that the purchaser paid the defendant the full sum of five thousand dollars, and procured from him a deed for said land and also one from the said Hattie Price thereto, and that before this suit plaintiffs demanded of defendant the sum of $250, the same being five per cent on the $5,000 paid by the purchaser of said land to defendant, but he refused to pay them, etc.

The complaint was amended by adding a count claiming a like sum from defendant as money had and received by him for the use of plaintiff during the year 1898.

1.    It is clear under the evidence, there could have been no recovery under the first count.    The plaintiffs own evidence fails to make out the case as stated in this count in several material particulars, and shows that defendant acted throughout the transaction of the sale of said property, not for himself, but as the guardian of said Hattie Price; that he had no title or interest in the property other than as the agent or guardian of Miss Price, and that plaintiffs were fully advised of and knew all these facts.    The proof also fails to show that defendant ever made any contract by which he individually, undertook to pay plaintiffs anything for making said sale.    It is generally true and a familiar principle, that when a party acts and contracts avowedly as an agent of another, known as his principal, his acts and contracts are binding, if upon any one, solely on his principal, unless the agent goes beyond his authority and superadds his individual responsibility by special stipulations.—*Comer v. Bankhead,* 70 Ala. 493; *Ware v. Morgan,* 67 Ala. 461; *Roney v. Winter,* 37 Ala. 278; 1 Am. & Eng. Encyc. Law, (2d ed.), 1119.    The general charge, for anything appearing, might well have been given for the defendant on this count in the complaint.

2.    It remains to inquire, upon what principle can the plaintiffs maintain an action against defendant for money had and received.    Such an action is appropriate

whenever the defendant has money in his possession which belongs *of right* to the plaintiff.—*Levinshon v. Edwards,* 79 Ala. 293. This right in the plaintiff to the money which bestows on him the right to maintain the action for it, must arise in some form, where the law implies a promise on the part of defendant that he will pay it to the plaintiff, and the only privity between the parties that needs be shown, arises from this promise implied by law—that the defendant, having money in his hands that belongs, *ex equo et bono* to the plaintiff, will pay it over to him.—*Steiner v. Clisby,* 103 Ala. 190. The plaintiffs in the present case never had possession of the money sued for, out of which their right to it could spring. The money was never paid by the principal, Miss Price, to the defendant as her agent, to be by him paid to the plaintiffs; and if it had been left with him for such purpose, the paying of it to plaintiffs was a duty he would have owed primarily to the principal only; and in such case, unless the defendant paid it over to the plaintiffs, or assumed to the latter obligations to do so, his principal would have had the right to revoke or countermand the order to pay.—Mechem on Agency, § 567; *Bank v. Miller,* 77 Ala. 168; *Coleman v. Hatcher,* 77 Ala. 217, 220. Nor was there any lien in favor of plaintiffs, at common law or under statute, on the money in the hands of the defendant when paid to him by the purchaser of the property for his principal, out of which a right to any part thereof could arise to the plaintiffs. "This lien," says Mechem, "conferred by common law does not create an estate or title in the property over which it prevails. It is a simple right of retainer, merely, and is neither a *jus ad rem* nor a *jus in re* * * * It follows, that the exclusive possession of the property by the person claiming the lien, is indispensable to its existence and continuance. If the person holds the property in subordination to the will of another, no right of retainer attaches."—Mechem on Agency, §§ 675, 676; 1 Jones on Liens, §§ 20,21; *Sawyer v. Lorrillard,* 48 Ala. 332.

By the undisputed evidence, although it may appear that Miss Price owes the plaintiffs their commissions

12

for selling the property for her, it does not appear that defendant is liable therefor as for money had and received.   The general charge as requested by defendant ought to have been given.

Reversed and remanded.

## *Action of Assumpsit.*

