[Costello v. The State.]

# Costello v. The State.

130  143
p130 674

*Prosecution for Selling Spirituous, Vinous or Malt Liquors.*

1. *Selling spirituous, vinous or malt liquors; admissibility of evidence.*—On a prosecution for selling spirituous, vinous or malt liquors without a license and contrary to law, where the evidence for the State tended to show that the defendant sold a liquor which tasted like beer and made the purchaser drunk and had the same effect as beer, and that the defendant called such liquor "Hop Jack," upon the examination of a member of the firm who sold liquor to the defendant, and who testified that he was an expert in liquors and that hop jack did not contain a sufficient quantity of alcohol to intoxicate, but that he had never drunk any hop jack and did not know what effect it would have on him, it is not competent to ask said witness whether "the usual and ordinary use of hop jack as a drink would make one drunk."

2. *Same; same.*—In such a case, on the cross-examination of a member of the firm of wholesale dealers who sold the defendant the liquor called hop jack and which was shown to have been sold by the defendant, it is competent for the State to show, on the cross examination of said witness, that his firm had agreed with the defendant to pay all the court costs and attorneys' fees incurred by him in selling the hop jack and other drinks purchased by the defendant from the witness' firm; and it is no objection to the introduction of such evidence that said alleged agreement was in writing.

3. *Same; same.*—In such a case, where the witness for the State had testified that he had purchased at the defendant's store on Sunday, the liquor called hop jack, and which had made him drunk, it is competent for the State on the cross-examination of the defendant as a witness, to ask him if he had not kept his store open on the Sunday the witness for the State claimed to have bought the liquor from the defendant; the purpose of such evidence being to corroborate the State's witness.

4. *Same; charge to the jury.*—On a prosecution for selling spirituous, vinous or malt liquors contrary to law, where the evi-

[Costello v. The State.]

dence for the State showed that the defendant sold a liquor called hop jack which tasted like beer and had the same effect as beer and made drunk the State's witness who drank it, and that it was beer sold under the name of hop jack, a charge is properly refused which assumes that the liquor sold by the defendant to the State's witness was what was known as hop jack, which did not contain sufficient alcohol to cause intoxication, and then instructed the jury that if the hop jack would not produce intoxication by being used as a beverage they must acquit the defendant.

APPEAL from the County Court of Bibb.

Tried before the Hon. W. L. PRATT.

The prosecution in this case was commenced by an affidavit made before a justice of the peace of Bibb county, charging the appellant, S. Costello, with selling spirituous, vinous or malt liquors or intoxicating beverages without a license and contrary to law.

Upon the preliminary hearing the defendant was bound over to the county court of Bibb county. The facts of the case as adduced on the hearing, and the ruling of the trial court upon the evidence, to which exceptions were reserved, are sufficiently shown in the opinion.

There were several written charges requested by the defendant, but inasmuch as the counsel for the appellant expressly say in their brief that they do not insist upon the ruling of the court in refusing to give the second, third and sixth charges, as being erroneous, it is unnecessary to set out these charges at length. The firth charge requested by the defendant was as follows: "I charge you the word intoxication used in the law means an abnormal mental or physical condition, due to the influence of alcoholic liquors, a visible excitation of the passions, an impairment of the judgment or a derangement or impairment of the physical functions or energies; and if you believe from the evidence that hop-jack would not produce this condition by using it as a beverage, then you must acquit the defendant."
From a judgment of conviction the defendant appeals.

H. C. MEAD and S. D. LOGAN, for appellant, cited *Carl v. State*, 99 Ala. 93, s. c. 87 Ala. 17; *L. & N. R.*

*R. Co. v. Orr*, 94 Ala. 602; 11 Am. & Eng. Ency. Law,
535; *Tatum v. State*, 82 Ala. 5; 1 Greenleaf on Evidence
(1st ed.), § 52; *Standard L. & A. Ins. Co. v. Jones*,
94 Ala. 441; Black on Intoxicating Liquors, § 432.

CHAS. G. BROWN, Attorney-General, for the State.

HARALSON, J.—The witness for the State, Jesse
Lilze, to whom the alleged intoxicants were sold, testi-
fied that he was fifteen years old, and had been in de-
fendant's place of business several times; that one Sun-
day, he went to the storehouse of defendant, and bought
some four or five bottles of "stuff" that made him drunk;
that he knew the taste of beer, and that the stuff he
purchased from defendant and drank, and which made
him drunk, tasted like lager beer, had the same effect
on him that lager beer had, and that defendant called
what he sold to him, "hop-jack."

The defendant examined one Beckhart who testified,
that he was of a firm of wholesale dealers in liquors in
Bessemer, Alabama, and his firm had sold defendant
large quantities of hop-jack; that he was an expert in
liquors and that hop-jack did not contain alcohol in
sufficient quantities to intoxicate, but did contain two
per cent. of alcohol; that he had never drank any hop-
jack and did not know what effect it would have on
him. He was asked: "Would the usual and ordinary
use of hop-jack as a drink make one drunk?" and an
objection to the question by the State was sustained.

The witness had just testified that he had never drank
hop-jack, and did not know what effect it would have
on one who drank it. There was no admission on the
part of the State, that it was such liquor defendant
had sold said Lilze, nor had there been any proof that it
was hop-jack that defendant had sold to him. Lilze's
evidence tended to show that it was lager beer he had
bought and drank and which made him drunk, and de-
fendant called it hop-jack. There was no error in
such a state of proof, in not allowing the question to
be asked.

Nor was there error in allowing the State to show
by said witness, Beckhart, that his firm had agreed with

[Costello v. The State.]

defendant to pay all the court costs and attorney's fees, incurred by him in selling their hop-jack, cider and other drinks purchased by defendant from them, the objection to such evidence being, that it was shown that said agreement was in writing, and the evidence was irrelevant and immaterial. The evidence was relevant to show the interest of the witness in the acquittal of defendant, and also to show that defendant knew that hop-jack was an intoxicant. If not, why require the parties from whom he bought it, to indemnify him against damages for its sale? If lawful to sell it, it would seem he needed no such indemnity. The said written agreement of witness' firm with defendant, was merely collateral or incidental to the main issue, and was not necessary to be produced in order to let in parol evidence of its contents.—3 Brick. Dig., 439, § 486; *Cobb v. State*, 100 Ala. 19.

The witness for the State, Jesse Lilze, had testified that he had bought the "stuff" that made him drunk at defendant's store on Sunday. On the cross-examination of the defendant, testifying in his own behalf, the solicitor asked him: "If he did not leave his store door open on the Sunday that the witness, Jesse Lilze, claimed to have come there and bought the bottles of what the defendant called hop-jack?" to which question defendant objected, because it called for illegal and irrelevant evidence. The court overruled the objection, and the defendant answered, "that it was on Sunday that he had sold the bottles of hop-jack to the witness." There was no error here. The purpose of the evidence was to corroborate the State's witness, Lilze, which it did.

The court refused charges numbered 2, 3, 5 and 6, requested by defendant. His counsel say in brief, they do not insist on either of them except the 5th. That charge was properly refused. It assumed that the liquor sold by defendant to the witness, Lilze, was hop-jack, and the evidence on the part of the State tends to show that it was lager beer.

No error appearing, the judgment of the lower court is affirmed.