# Curtis *v.* Parker & Co.

### *Garnishment in Aid of Pending Suit.*

1. *Garnishment; amendment of grounds of contest; error without injury.*—The grounds of contest of a garnishee's answer may be amended; but error, if any, in declining to allow an amendment is without injury, where the amendment sets up the same grounds as were embraced in a former contest, on which issue had been joined.

2. *Evidence; production of books; error without injury.*—Error, if any, in refusing to require a garnishee to produce his books in court, is without injury, where the garnishee subsequently produces the books in evidence voluntarily.

3. *Same; relevancy; summons and complaint; affidavit; bond.* On the trial of a contest of a garnishee's answer, the summons and complaint in the cause, and the affidavit and bond for garnishment, are not relevant or admissible evidence.

4. *Same; hearsay.*—On the trial of a contest of a garnishee's answer, evidence that defendant's secretary showed witness his pass book from garnishees, showing a certain credit to him, is hearsay.

5. *Same.*—On the trial of a contest of garnishee's answer, evidence as to statements by defendant's secretary and vice-president as to whose money garnishee had, is, as against garnishee, hearsay.

6. *Garnishment; evidence; payments by garnishee on defendant's check.*—On the trial of a contest of garnishee's answer, evidence is irrelevant and illegal that on the day

[Curtis v. Parker & Co.]

of the garnishment another creditor of defendant, having a
check drawn by defandant on garnishee bank, presented it
to the bank for payment, and its payment was refused on
the ground that the funds had been garnished, and wit-
ness was told by garnishee that he would have to wait until
the matter was fixed; that he left the check with garnishee,
and went back afterwards and got a part of his money.

7.  *Corporation; estoppel to deny existence of.*—One of the incor-
porators of a corporation, who has had dealings with it as
a corporation, is estopped to deny its corporate existence.

8.  *Same; evidence; proceedings for organization of corpora-
tion.*—On the trial of a contest of a garnishee's answer,
where plaintiff had offered in evidence a part of the pro-
ceedings for the organization of a corporation, it is per-
missible for garnishee to offer the whole proceedings in ev-
idence.

9.  *Deposition; when admissible.*—A deposition, which has been
taken and is on file, may be offered, in part or as a whole,
by either party.

10. *Evidence; objections; evidence elicited by objecting party.*
Where an answer is responsive to a question, the party
propounding the question cannot object to the answer.

11. *Evidence; best evidence; judgment; collateral matters.*—The
production of the record of a judgment is not necessary
where such judgment is an incidental or collateral matter
only.

12. *Same; refusal of garnishee to pay out money until indemnified.*
On the trial of a contest of garnishees' answer, evidence
is irrelevant that garnishees refused to pay out moneys in
their hands after garnishment, or before, until indemnified.

13. *Same; evidence as to plaintiff claiming funds garnished.*
On the trial of a contest of garnishees' answer, evidence is
irrelevant and does not tend to fix garnishee's liability, to
the effect that before the garnishment writ was served gar-
nishees were informed by plaintiff that he claimed or would
claim the funds in their hands.

14. *Debtor and creditor; when relation exists; banks; deposits.*
Where one makes a general deposit with a bank of money
for the use of another, with instructions to such other to
apply the funds so deposited for the use and benefit of the
principal or depositor, the relation of debtor and creditor is
created between such depositor and the bank.

15. *Contest of answer of garnishee; burden of proof.*—On the con-
test of a garnishee's answer by a plaintiff, the burden is on
the plaintiff to show that there was a debt due from the

[Curtis v. Parker & Co.]

garnishee to the defendant, for which it could maintain an action of debt or *indebtitatus assumpsit* against the garnishee.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. OSCEOLA KYLE.

The plaintiff, J. J. Curtis, commenced his suit by summons and complaint against The Alabama Vineyard & Winery Company, a corporation, and in aid of his suit had a garnishment issued and served on Parker & Co., bankers, for the purpose of subjecting certain funds deposited with garnishee alleged to be the property of the defendant. The garnishee answered that it was not indebted to defendant and had no funds of defendant in its possession or under its control, and was not otherwise liable to him for the payment of money. This answer was contested by plaintiff, and the contest decided in favor of the garnishee, and plaintiff appeals.

The opinion shows most of the material facts in evidence. Other matters referred to in the opinion were as follows: Assignments of error 8 and 9 refer to questions asked one Wallace, in regard to statements made to him by Sexton, the secretary, and Clarke, the vice president of defendant company, as to whose money it was that garnishee had.

The answers of the witness Sexton to the seventh interrogatory and to the second and third cross-interrogatories are as follows: To the seventh: "I am not clear as to dates just now, but I think and feel pretty sure that I did receive part of this money after the 4th of September, 1899, from Parker & Co., but am not sure of the amount. There was a certain amount, however, received about this time, and the said money was used in buying up the labor claims of the Alabama Vineyard & Winery Company, each and every one of which were transferred to the Alabama Vineyard Company and is held to-day by R. L. Spencer as a debt against the Alabama Vineyard & Winery Company. There was a certain amount of this money received before and a certain amount received after the service of the garnishment, but I cannot now remember exactly the amounts." To the second cross-interrogatory: "I do not know what position R. L. Spencer held actually in the Alabama

Vineyard Company." To the third cross-interrogatory: "No part of said $500 was the property of the said Alabama Vineyard & Winery Company, but it was the individual money and property of R. L. Spencer. No part of the money was the property of either the Alabama Vineyard & Winery Company or the Alabama Vineyard Company."

Charge No. 1 refused to plaintiff was as follows: "The court charges the jury that the garnishee cannot set up title in R. L. Spencer, when he has not come in as a claimant."

BROWN & CURTIS and R. L. HIPP, for appellant.— The grounds of contest were amendable and the amendment should have been allowed.—*Lindsay v. Morris,* 100 Ala. 550; *Graves v. Cooper,* 8 Ala. 816; *Lehman v. Hudmon,* 85 Ala. 135.

When one receives money to be delivered to another and that other assents, the right to the money at once vests in the party to whom the delivery was to be made. *Clarke v. Cilley,* 36 Ala. 652.

When garnishee is informed of a garnishment and holds the funds, his rights become absolute and defendant's rights cease.—*Brooks v. Hilduth & Moseley,* 22 Ala. 469.

Charge 1 requested by the plaintiff should have been given.—*Brooks v. Hilduth & Moseley, supra; Sterritt v. Miles,* 87 Ala. 472; *Archer v. Peoples Sav. Bank,* 88 Ala. 249; *Fowler v. Williamson,* 52 Ala. 16; *Lehman v. Pollock & Co.,* 72 Ala. 137; Drake on Attachments, § 223.

The control and dominion of the funds at the time of the garnishment was in the hands of the garnishee and plaintiff secured a lien on same.—*Johnson v. Riddle,* 70 Ala. 226.

When money is delivered by one person to another, without any present valuable consideration, with directions to apply for the use of third persons, the order to apply may be countermanded by the depositor at any time before the receiver has appropriated it to the uses intended, or has expressly or impliedly entered into some arrangement with the other party by

[Curtis v. Parker & Co.]

which he would be prejudiced by the revocation of the original order.—*Tweat v. McCullough,* 84 Ala. 517.

The evidence being conflicting, the general affirmative charge for garnishee was improper.—*Hall v. Posey,* 79 Ala. 84; *Sanders v. Edmunds,* 98 Ala. 157.

J. H. BROWN, *contra.*—The general deposit by Spencer with the garnishees of the money in controversy, for the use of his agent, A. C. Sexton, with instructions to the agent to apply the funds so deposited for the use and benefit of the principal, Spencer, created the relationship of debtor and creditor between the garnishee and Spencer.—*Wray v. Tuskegee Ins. Co.,* 34 Ala. 58; *Wright v. Pain,* 62 Ala. 340; *Mutual Accident Association v. Jacobs,* 33 Am. St. Rep. 302; *Alston v. State,* 92 Ala. 124; *Carr v. State,* 104 Ala. 53.

The burden of proof was on the plaintiff to show that there was a debt due from the garnishee to the defendant for which the defendant could maintain an action of debt or *indebtitatus assumpsit* against the garnishee.—*National Com. Bank v. Miller,* 77 Ala. 172; *Henderson v. Ala. Gold Life Ins. Co.,* 72 Ala. 32; *Alexander v. Pollock & Co.,* 77 Ala. 137; *Archer v. Peoples' Bank,* 88 Ala. 249; *Teague, Barnett & Co. v. LeGrand,* 85 Ala. 492; *Birmingham Nat. Bank v. Mayer,* 104 Ala. 634.

HARALSON, J.—1. If there was any error in the refusal of the court to allow the plaintiff to amend the grounds of the contest of the answer of the garnishee, it was error without injury. The garnishee had answered in writing, denying indebtedness, and the plaintiff had filed two written contests of the answer, the one, on the 5th of December, 1899, in which he stated he believed the answer to be untrue. He did not specify in what respect the answer was untrue. On the 20th day of March, 1900, he filed another contest on which issue was joined in which he specified grounds in which the answer was untrue. The first contest was, under the statute, (Code, section 2196), defective, but it was competent for plaintiff to amend the grounds of contest, so as to cure this defect.—*Lindsay v. Morris,* 100 Ala. 547.

[Curtis v. Parker & Co.]

On the 21st of March, 1901, the plaintiff offered again to amend his grounds of contest, in which he amplified the grounds therefor, but the garnishee objected to the same on the ground that it set up the same grounds theretofore filed, on which issue had been joined. If these additional grounds of contest ought to have been allowed to be filed, its refusal by the court would, at most, be error without injury, since the grounds set up in the proposed amendment were fairly covered by the other contests, and were fully gone into on the trial.—*Milligan v. Pollard*, 112 Ala. 465; *The Bienville Water Co. v. Mobile*, 125 Ala. 178; *Trayer v. Feibleman*, 95 Ala. 61.

2. While the cause was being tried, the plaintiff moved that the garnishee be required to produce his ledger, journal and cash book, which motion, on objection of garnishees, the court refused to grant, but stated that if the books were not produced, secondary evidence of their contents would be allowed. The books, however, as is shown, were afterwards produced, and were offered in evidence. In this, if there was any error in denying the motion, it was without injury. The plaintiff had the full benefit of the evidence he desired.

3. There was no error in refusing to allow the plaintiff to introduce the summons and complaint, his affidavit and bond for the garnishment process. These papers were in no sense relevant to the issue, and their introduction would have been error against garnishees. *Taliaferro v. Lane*, 23 Ala. 369.

4. Nor was there error in refusing to allow the plaintiff to testify that one Sexton, who was the secretary of the defendant company, showed him, the witness, his pass-book from Parker & Co., the garnishees, showing a credit of $500 to him. This was the merest hearsay.

The rulings constituting assignments of error 8 and 9 fall within the same category. What Sexton and Clarke said as to whose money it was that garnishees had was, as against garnishees, hearsay.

5. M. P. Wollam testified for plaintiff that on the day of the garnishment he had a check given him by Sexton for a small sum, for work done for defendant and he went to garnishee to get it cashed, and they re-

[Curtis v. Parker & Co.]

fused to pay it, on the grounds that the funds had been garnished, and told him he would have to wait until the matter was fixed; that he left the check with the garnishees and went back afterwards, and got a part of his money. This evidence, on motion of garnishees, was excluded, and properly so, as being irrelevant and illegal. It did not tend to show that garnishees had money belonging to the defendant. They might have paid it out of their own funds, or they might have been indemnified to pay. If liable at all it was because they had funds in hand, at the date of the garnishment, or at the time of making answer, etc., which belonged to defendant, and subsequent payment of money to others was immaterial. Such payments, if made, were at their risk, and avail nothing, as against the plaintiff, if the funds belonged to defendant. But such payments, without more, were not an admission that they did belong to him.—*Archer v. People Sav. Bank*, 88 Ala. 249.

6. If there was error in refusing to allow plaintiff to prove the contents of Sexton's pass-book with garnishees, by secondary evidence of its contents, which it is unnecessary to decide, it was cured by the subsequent production of the same and its introduction in evidence.

7. The garnishees offered in evidence, against the objection of plaintiff, the proceedings in the probate court to incorporate the Alabama Vineyard Company. These proceedings showed that plaintiff was one of the incorporators of said company, and had dealings with it as an incorporation, which estopped him to deny its existence. Besides, he had introduced a part of these proceedings, showing that all the steps necessary to a complete incorporation had been taken, except the issuance of the final certificate. The object of this evidence, offered by garnishees, was not only to show that the company was duly chartered, but that plaintiff was a subscriber to its capital stock. It was shown further that the final certificate had been issued on the 8th March, 1900, evidencing the complete organization of the company. There was no error here. If a part of it was competent for plaintiff, the whole of it was admissible for garnishee.—*Smith v. Collins*, 94 Ala. 406.

8. The plaintiff had taken the deposition of A. C. Sexton, and, on the trial, offered a portion of the same,

There was no error in allowing garnishees to offer other portions of it, and even if no portion had been offered by him, when the deposition had been taken and filed, it was for the use of either party, and garnishees might have offered a part or all of it.—*Edgar v. McArn*, 22 Ala. 812; *Fountain v. Ware*, 56 Ala. 558; *Stewart v. Head*, 10 Ala. 600; 6 Ency. Pl. & Pr., 583.

9. Said witness, Sexton, in his deposition further stated that he had received a letter from R. L. Spencer, who had sent him the $500, telling him to buy in the labor claims against the Alabama Vineyard & Winery Company and have them transferred to the Alabama Vineyard Co. This answer, as the bill of exceptions states, was made in response to a question propounded to the witness by plaintiff on interrogatories filed, and was offered by garnishees, after plaintiff had introduced a part of the deposition of the witness. The plaintiff objected because the letter itself was not produced. The evidence having been called for by plaintiff, and the answer being responsive, the objection was properly overruled.—*A. G. S. R. R. Co. v. Bailey*, 112 Ala. 167.

What has been said applies with equal force to the answer of said witness to the 7th interrogatory, the basis of the 14th assignment of error, as well as to the introduction of the answers to the 2d and 3d cross-interrogatories of said witness, the basis of the 15th and 16th assignments of error.

10. The plaintiff in his examination had testified about a claim of Miller, Ketting & Co., alleged to have been paid by the defendant, through garnishees, his evidence tending to show its amount. Parker, the garnishee, testifying, stated that the amount of the Miller, Ketting & Co. judgment was $30 and he paid it himself. Plaintiff referred to the matter as the Miller, Ketting & Co. claim, and Parker referred to it as a *judgment*, but it sufficiently appears that both references were to the same debt. The plaintiff having testified concerning this claim, it was competent for the garnishee also to introduce evidence concerning it, and that it was paid by themselves. It was an incidental or collateral matter, and the production of the record of the judgment, as

[Curtis v. Parker & Co.]

contended, was not necessary.—3 Brick. Dig., 439, §§ 486, 487; *Cobb v. State*, 100 Ala. 19.

11. The fact, if true, that garnishees refused to pay out moneys in their hands after garnishment, or before, until they were indemnified to do so, was wholly irrelevant. Whether indemnified or not, could have no bearing on their liability, if they had funds in hand subject to garnishment. If they chose to pay them out, it was at their own risk. Nor is there anything to fix the liability of the garnishees in the fact, if true, that before the garnishment writ was served, garnishees were informed by plaintiff that he claimed, or would claim, the funds in their hands. It was the fact of their having funds which were liable to garnishment, and to their interception by the service of the writ that fixed their liability, and not outside information they may have received as to what plaintiff was claiming or expected to claim.

12. The witness Sexton who had been examined on interrogatories filed by plaintiff, testified that the money was placed with Parker & Co. and that R. L. Spencer telegraphed him,—using his own words,—"that he had placed $500 to my credit with Parker & Co. * * * that the said money was placed with Parker & Co. as above stated, and was placed there by me to buy in some of the debts of Alabama Vineyard & Winery Co., and it was so used by me within a few days after it was so placed there. * * * I received a letter from R. L. Spencer directing me to pay out said money, as has previously been stated, but not to pay the debts of the Alabama Vineyard & Winery Co. I was instructed in said letter to buy in said labor claims of the Alabama Vineyard & Winery Co., and have them transferred to the Alabama Vineyard Co. * * * The said money was used in buying in the labor claims of the Ala. Vineyard & Winery Co., each and every one of which was transferred to the Alabama Vineyard Co., and is held to-day by R. L. Spencer as a credit against the Alabama Vineyard & Winery Co. * * * No part of the said $500 was the property of the said Alabama Vineyard & Winery Co., but it was the individual money and property of R. L. Spencer. No part of the money was the property

of either the Alabama Vineyard & Winery Co. or the Alabama Vineyard Co."

R. L. Spencer testified that "on the 2nd day of September, 1899, I deposited with the Hanover National Bank in the City of New York, the sum of $500, to the credit of Parker & Co., bankers at Cullman, Ala. This money was so deposited to the use of A. C. Sexton of Cullman, Ala., and I had the Hanover National Bank to so instruct Parker & Co. by wire. It was placed there to the credit of Parker & Co., as above stated, and for the use of A. C. Sexton.  *  *  *  The Alabama Vineyard & Winery Co. and the Alabama Vineyard Co. are two independent corporations. This money was not the property of either of said incorporations, and it was not the proceeds, directly or indirectly or otherwise, of any of the property of said corporations or either of them." He further testified that said money was not placed to Parker & Co.'s credit for the purpose of applying same to the debts of the Alabama Vineyard & Winery Co.; that it was sent solely for the use of A. C. Sexton, and he did not instruct A. C. Sexton to apply the same to the debts of the Alabama Vineyard & Winery Co., but did instruct him to purchase a certain amount of labor claims against the company, to relieve the pressing necessities of labor; that the money was his when it was deposited in the Hanover National Bank to the credit of Parker & Co. for the use of A. C. Sexton; that this money was borrowed by him from a personal friend, and that said money was his individual property, borrowed as aforesaid, and no one was to liquidate it but himself.

Geo. H. Parker testified that he did not owe the Alabama Vineyard & Winery Co. one cent on the day the garnishment was served on him.

M. P. Wollam was recalled for plaintiff, and testified that A. C. Sexton issued to him the labor check he had previously testified about in part payment of his account against the Alabama Vineyard & Winery Co., and he did not transfer his claim to the Alabama Vineyard Co. Nothing was said about a transfer and that all of his claim had not been paid.

Pope, being recalled by plaintiff, testified that when he received his part of the pay formerly testified about,

he did not transfer his account or any part of it to the Alabama Vineyard Co., and nothing was said about a transfer of it. He had formerly testified that when he presented his claim Sexton told him and others that the plaintiff had garnished the money and they would have to wait until it could be arranged, and the next day or so he paid them a part of what was coming to them and promised to pay the balance. It was also shown that Sexton was the secretary of the Alabama Vineyard & Winery Co.

From this evidence, which appears to be undisputed, charge No. 1 requested by plaintiff was properly refused. If it was Spencer's money and not that of the defendant corporation, which was in Parker & Co.'s hands, the garnishees had the right to show that fact.

13. The court, at the request of the garnishees, gave the general charge in their favor.

Under the undisputed evidence Spencer made a general deposit with the garnishees of the money attempted to be garnished, for the use of A. C. Sexton, with instructions to the agent to supply the funds so deposited for the use and benefit of the principal, Spencer. This created the relation of debtor and creditor between said Spencer and the garnishees.—*Alston v. State,* 92 Ala. 127, 128; *Wray v. Ins. Co.,* 34 Ala. 58.

Under the issues the burden was on the plaintiff to show that there was a debt due from the garnishees to the defendant, for which it could maintain an action of debt or *indebitatus assumpsit* against the garnishees. *Henderson v. A. G. L. Ins. Co.,* 72 Ala. 32; *N. C. Bank v. Miller,* 77 Ala. 168; *Archer v. Bank,* 88 Ala. 249; *Teague v. LeGrand,* 85 Ala. 493; *Hudson v. Scott,* 125 Ala. 172.

The evidence shows no privity express or implied between the defendant corporation and the garnishees. At no time could the defendant have maintained an action at law against garnishees for the recovery of the money.

No error appearing, the judgment of the court below will be affirmed.