(82 South. 633)

BROCK v. STATE.  (6 Div. 592.)

(Court of Appeals of Alabama.  June 17, 1919.)

1. CRIMINAL LAW ☞759(4) — INSTRUCTIONS — INVADING JURY'S PROVINCE—POSSESSION OF STOLEN GOODS—EXPLANATION.

In a prosecution for larceny, the court invaded the province of the jury in instructing, in reference to an explanation of defendant as to possession of the alleged stolen goods, "Has the defendant satisfied you by his explanation, reasonably satisfied, or satisfied you beyond a reasonable doubt by his explanation?"

2. LARCENY ☞70(3)—POSSESSION OF GOODS— INSTRUCTIONS.

In a prosecution for larceny, where the theory of the state was such that the property alleged to have been stolen could not have been taken with any innocent intent, there being no taking at all under defendant's theory, the court properly refused, as inapplicable, an instruction that a strong presumption arises that no felonious intent existed where the alleged taking of the property was open and there was no subsequent attempt at concealment, etc.

Appeal from Circuit Court, Jefferson County; F. Loyd Tate, Judge.

Brice Brock was convicted of grand larceny, and he appeals. Reversed and remanded.

Charge 26, refused the defendant, is as follows:

. If the jury believe from all the evidence in this case that the alleged taking of the property was open and there was no subsequent attempt at concealment, and no denial, but an open avowal by the defendant as to how he came into possession of the property alleged to have been stolen, a strong presumption arises that no felonious intent to hinder, delay, or defraud the Parisian Company, the alleged owner of the property, existed; and this presumption must be repelled by clear and convincing evidence before a conviction would be authorized.

Denson & Ivey, of Birmingham, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

SAMFORD, J.  The court, in its oral charge, in charging upon the law applicable to the recent unexplained possession of stolen property, said:

"The recent unexplained possession of goods does not necessarily raise the presumption of larceny or the guilt of the possessor. However, recent unexplained possession of the goods shown to be stolen in such a circumstance which the law permits to be shown you, and to which you, in your sound discretion, may give such weight as you think proper, to pass on the innocence of the defendant. It is for you to say what weight is to be attached to the value of recent possession. Has the defendant satisfied you by his explanation, reasonably satisfied, or satisfied you beyond a reasonable doubt by his explanation, you as men of everyday business affairs, common sense, and judgment?"

To that portion of the foregoing excerpt where the court asked the jury, "Has the defendant satisfied you by his explanation, reasonably satisfied, or satisfied you beyond a reasonable doubt by his explanation?" the defendant reserved an exception. This is not the rule with reference to the recent unexplained possession of stolen goods. It places

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

too great a burden on the defendant. The explanation required by the law is that it shall be such as, when considered in connection with all the other evidence in the case, will generate in the minds of the jury a reasonable doubt of the guilt of the defendant. This error cannot be said to be without injury, or that it was cured by other portions of the court's charge upon this point.

As this case must be reversed, we deem it necessary to call attention to another portion of the court's charge not excepted to by the defendant. Under the statute, if the goods alleged to have been stolen were stolen from the storehouse of the Parisian Company, and the value thereof amounted to $5 or more, it would be grand larceny. Code 1907, § 7324.

Any error that may have arisen by the refusal of the court to give at the request of the defendant in writing charges defining a reasonable doubt was rendered harmless by the giving of charge 3, as follows:

"The only foundation for a verdict of guilt in this case is that the entire jury shall believe from the evidence, beyond a reasonable doubt and to a moral certainty, that the defendant is guilty as charged in the indictment to the exclusion of every probability of his innocence and every reasonable doubt of his guilt; and if the prosecution has failed to furnish such measure of proof, and to impress the minds of the jury of his guilt, they should find him not guilty."

A majority of the court, BROWN, P. J., and BRICKEN, J., are of the opinion that charge 26, while asserting a correct proposition of law, is not applicable to the facts in this case, but the writer is of the opinion that the charge is applicable and that it is amply sustained by the following cases: Cobb v. State, 100 Ala. 19, 22, 14 South. 362; Rountree v. State, 58 Ala. 381; McMullen v. State, 53 Ala. 531.

The other questions presented will probably not arise on another trial, but for the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.

BROWN, P. J. I concur in the reversal of the judgment in this case for the reasons following.

[1] The trial court, in dealing with the evidentiary value of the recent possession of stolen goods by one accused of the crime of larceny, instructed the jury as follows:

"Now, the recent unexplained possession, and it is not denied by the defendant that he was in possession of *the goods*, and you have heard his explanation—the recent unexplained possession of goods does not necessarily raise the presumption of larceny or the guilt of the possessor. However, recent unexplained possession of *the goods shown to be stolen* in [is] such a circumstance which the law permits to be shown you, and to which you, in your sound discretion, may give such weight as you think proper, to pass on the innocence of the defendant. It is for you to say what weight is to be attached to the value of recent possession. *Has the defendant satisfied you by his explanation, reasonably satisfied you, or satisfied you beyond a reasonable doubt by his explanation,* you as men of everyday business affairs, common sense, and judgment?"

An exception was reserved by the defendant to the portion last above italicized. In this instruction there is a clear implication that the goods in question were shown by the evidence to have been stolen goods, and this implication, when considered in connection with the quoted excerpt, embodies a positive instruction to this effect and is a charge on the effect of the evidence, and in this case an invasion of the province of the jury. Code 1907, § 5362.

[2] The theory of the state as developed in the evidence is that the defendant took the gowns in question from the stock in the store where they were displayed for sale and placed them in a suit box and was, when detected, in the act of asporting them; while the theory of the defense is that defendant, while in the discharge of his duties as porter of the Parisian Company's place of business, accidentally discovered the box in a pile of rubbish and from its weight discerned that it contained something, and without opening the box and with a purpose to deliver it to the manager of the store, he took it out of the pile of rubbish, and while on his way to the office of the manager came upon the manager and delivered it to him. If the state's theory of the case is the correct theory, the acts of the defendant were secretive, and if the defendant's theory of the case is the true one, there was no taking of the goods of any character and the principle of law embodied in refused charge 26 is not applicable. Moreover, the intent to "hinder or delay" is not an essential element of the offense charged in either counts of the indictment, and the charge was faulty, in that it embodied these elements.

BRICKEN, J., concurs in the foregoing opinion.